642 P.2d 477

**STATE of Arizona, Petitioner,**

v.

**The Honorable Robert J. HOOKER, Judge of the Superior Court of the State of Arizona, in and for the County of Pima, Division I, Respondent,**

and

**Ruperto Cruz ORTIZ, Real Party in Interest.**

No. 2 CA–CIV 4262.

Court of Appeals of Arizona, Division 2.

Jan. 19, 1982.

Rehearing Denied March 4, 1982.

Review Denied March 23, 1982.

Stephen D. Neely, Pima County Atty. by David R. Ramage-White, Tucson, for petitioner.

Frederic J. Dardis, Pima County Public Defender by Karen Noble, Tucson, for real party in interest.

## OPINION

HATHAWAY, Judge.

The state has brought this special action to challenge the granting by the trial court of a motion in limine to preclude the introduction of documents from the Department of Motor Vehicles that would show the suspension of the real party in interest's driver's license. Because the petitioner has no remedy by means of appeal and because we believe the trial court acted in excess of its jurisdiction, we assume jurisdiction and grant relief.

On April 7, 1981, the real party in interest, Ruperto Cruz Ortiz, had his driver's license suspended due to frequent traffic violations. On May 1, 1981, Ortiz was arrested for driving while under the influence of intoxicating liquor and was indicted on May 21 by the Pima County Grand Jury for driving while intoxicated while his license was suspended. The license suspension was based on numerous traffic violations incurred when Ortiz was a juvenile, including a driving while intoxicated charge to which he pled guilty in juvenile traffic court on April 6, 1980. At the time of the arrest on May 1, 1981, Ortiz was an adult. At the time Ortiz pled guilty on April 6, 1980, he was not represented by counsel. As a result of his guilty plea to the driving while intoxicated adjudication in juvenile traffic court, he was fined $67, which he paid. He did not appeal that adjudication. At the hearing on the morning of Ortiz' trial on the pending superior court charge, he filed a motion to exclude evidence of the suspension of his license. The motion was based on two grounds: (1) The suspension was invalid since it was based in part on his uncounseled DWI conviction as a juvenile and (2) he did not surrender his driver's license and, therefore, the suspension was not effective at the time of his arrest on May 1, 1981. The court heard argument on both sides. It granted the motion based on the first argument and declined to rule on the second.

The issue before the court below was whether the license suspension, which was

based in part on a proceeding in which Ortiz had no right to appointed counsel because he faced no prospect of incarceration, can now be used to prove the charge of driving while intoxicated on a suspended license. Ortiz' argument is based on those cases holding that uncounseled prior convictions cannot be used to support guilt or enhance punishment, because of their inherent unreliability. See *Baldasar v. Illinois*, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980). Similar results were reached in *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), and *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). Those cases, however, all dealt with the right to counsel in criminal proceedings and with situations removed from the instant set of facts.

We think the case law is clear that Ortiz was not entitled to appointed counsel in the traffic adjudication when he was a juvenile. In *Scott v. Illinois*, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979), the United States Supreme Court held that the constitution does not require the appointment of counsel to indigent defendants in misdemeanor cases where the punishment actually imposed was other than imprisonment. Here, the offense with which Ortiz was charged and to which he pled guilty in April 1980, did not involve possible imprisonment and did not result in any imprisonment. The Arizona Supreme Court has not extended the right to counsel beyond what the United States Supreme Court has required. See *Burrage v. Superior Court*, 105 Ariz. 53, 459 P.2d 313 (1969). Ortiz was never faced with the possibility of incarceration because he was in juvenile traffic court. Therefore, he did not have the right to appointed counsel for his April 6, 1980, guilty plea. The use of that adjudication to support the suspension of his driver's license was therefore valid.

The validity of the suspension order was never questioned. The suspension by the Department of Motor Vehicles under A.R.S.

§ 28–446 created the status of suspended license driver for Ortiz. What we have here is unlike the situation in *Baldasar v. Illinois*,[1] supra, in that we have the intervention of a state administrative agency that has created a status and Ortiz has been charged with a crime while being a member of the class covered by that status.

*State v. Grenvick*, 291 Ore. 99, 628 P.2d 1195 (1981) and *People v. Roybal*, Colo., 618 P.2d 1121 (1980), cited by the real party in interest, are not on point. In *Grenvick*, the Oregon Supreme Court was dealing with a state constitutional provision that required that all individuals accused of a crime have the assistance of counsel. That provision did not appear to make a distinction between serious or felony cases and non-serious or misdemeanor cases in determining the right to counsel. The court in *Grenvick* held that the prior conviction that the state was using to enhance the subsequent conviction was invalid. Here, however, the adjudication of the juvenile court on the driving while intoxicated charge is not being challenged nor is the subsequent suspension of the driver's license. Only the use of the juvenile driving while intoxicated adjudication to underlie the current charge is challenged. In like manner, *Roybal* dealt with a situation where a defendant was challenging the use of a misdemeanor traffic conviction as a foundation for a subsequent conviction that could result in a sentence of imprisonment. However, the original conviction was one in which the offense was possibly punishable by a period of incarceration.

We have found no case directly on point, and we are not convinced that the citations afforded us by counsel are dispositive. Since Ortiz was not entitled to counsel in the juvenile court traffic proceeding, that adjudication could be used to create the status of suspended driver just as an uncounseled deportation ruling was used to create a status of "deportee" in *United States v. Robles-Sandoval*, 637 F.2d 692 (9th

---

1. The decision of the United States Supreme Court in *Baldasar* has led to some confusion. See the footnote of the 9th Circuit Court of Appeals in *United States v. Robles-Sandoval*, 637 F.2d 692, n. 1 (9th Cir. 1981).

**482**

Cir. 1981). There is no burden on the Department of Motor Vehicles to determine the reliability of the traffic adjudications it uses to make its decision whether to suspend or revoke a driver's license under A.R.S. § 28–446. Indeed, Ortiz never challenged the adjudication or the suspension of the license. The creation of the status was therefore reliable, unlike the questionable reliability of a criminal proceeding in which an uncounseled prior conviction is used to enhance punishment or support guilt.

We are convinced that the state's position is the only logical one for us to follow. If Ortiz' contention were correct, then the state would be forced to appoint counsel to all indigents in every traffic case, no matter how minor, if a conviction were ever to be used as a basis for the suspension or revocation of a license and a later prosecution for driving on a suspended or revoked license. We find this position untenable.

Since Ortiz was not entitled to counsel in the juvenile court proceeding on his driving while intoxicated charge, there is no bar under these circumstances to the use of the resultant suspension of his driver's license as a basis for the subsequent felony charge of driving while intoxicated on a suspended license.

The order of the trial court granting Ortiz' motion in limine precluding the introduction of the documents that would show the license suspension is hereby vacated. The trial court is ordered to deny said motion and the case is remanded for further proceedings.

Relief granted.

HOWARD, C. J., and BIRDSALL, J., concur.