707 P.2d 309

STATE of Arizona, Appellee,

v.

Joseph Cary GRIER, Appellant.

No. 6537–PR.

Supreme Court of Arizona, En Banc.

Sept. 27, 1985.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Diane D. Hienton, Asst. Attys. Gen., Phoenix, for appellee.

Joseph Cary Grier, in pro. per.

HAYS, Justice

Appellant, Joseph Cary Grier, was convicted of kidnapping, A.R.S. § 13–1304, a class-2 felony, and sexual assault, A.R.S. § 13–1406, a class-2 felony and sentenced to two concurrent 18-year terms. The judgments of conviction and sentences were affirmed in *State v. Grier*, 129 Ariz. 279, 630 P.2d 575 (App.1981), and review was denied by this court.

Grier filed two petitions for post-conviction relief. *See* 17 A.R.S. Rules of Criminal Procedure, rule 32. In 1981, Grier's first petition alleging ineffective assistance of counsel at the pretrial and trial stages was dismissed by the trial court and not appealed. In April 1982, Grier filed a second petition which was granted in part by the trial court. Based on that grant, a hearing to amend the presentence report

and a new sentencing followed. The court denied a request, however, to order a new presentence report. The court reimposed the original sentence of two concurrent 18-year terms. Appellant now appeals from this sentence. This court has jurisdiction. Ariz. Const. art. 6, § 5(3); A.R.S. §§ 13–4031, 13–4035.

## ISSUES PRESENTED

I. IS THE APPELLANT PRECLUDED FROM ASSERTING INEFFECTIVE ASSISTANCE OF COUNSEL AT THE TRIAL STAGE?

II. HAS THE APPELLANT BEEN IMPROPERLY RESENTENCED ON THE BASIS OF AN ERRONEOUS PRESENTENCE REPORT?

III. IS THE APPELLANT ENTITLED TO A NEW PRESENTENCE REPORT?

## FACTS

In June 1981, Grier filed his first petition for post-conviction relief alleging he had received ineffective counsel at the trial stage because his counsel:

(1) withdrew a motion to suppress the victim's hypnotically induced testimony;

(2) refused to call his roommate as a witness to testify;

(3) did not introduce evidence that the defendant did not have a venereal disease.

The trial court appointed counsel for the appellant but that counsel did not augment the appellant's initial filing nor reply to the State's response. The petition was dismissed by the trial court and not appealed.

In April 1982, Grier filed a second petition for post-conviction relief claiming that he was improperly sentenced on the basis of erroneous prior felony convictions. He also alleged that his attorney was ineffective in failing to challenge the accuracy of the presentence report. He did not claim ineffective assistance of counsel at either the trial stage or during the filing of the first petition for post-conviction relief.

The trial court granted the second petition for post-conviction relief and held a resentencing hearing to give both the defendant and the State an opportunity to submit corrections to the presentence report. Corrections were limited to the listing of prior felonies and other charges on Grier's record.

The presentence report notes that this is the appellant's third conviction on charges of rape. At the resentencing hearing, it was established that the defendant has at least one prior conviction for rape in Texas. The report also states that the appellant is facing charges of rape in Tennessee but at the resentencing, it was acknowledged that this charge was dismissed.

The presentence report also indicates two convictions for theft related crimes: one for robbery (six months probation) and one for burglary (three to five years in Arizona State Prison). At resentencing, the court corrected the report to reflect that the first conviction for robbery was actually a conviction for petty theft, and it also changed the conviction for burglary to a petty theft conviction, which resulted in a six-month suspended sentence. However, it is documented in the record that the defendant was not the individual convicted of burglary who received three to five years in the Arizona State Prison. The correction to petty theft stems from a conviction that does not appear on the original pre-sentence report.

At the resentencing hearing, the appellant acknowledged a conviction for attempted robbery in Tennessee. The sentence was carried out in a work house so that it would not appear on his record.

At the conclusion of the hearing, it appeared that the only prior sexual-assault felony in Grier's record was one in Texas which the defendant indicated. This offense was not reflected on the local FBI rap sheets. Also, the defendant claims to have served only 30 days in Texas and not 18 months. No documentation was given to support or challenge this claim.

Counsel for the defendant did not challenge the potential effect these discrepancies may have had on the writer of the presentence report or on the doctors who relied on the appellant's erroneous conviction history. The court did acknowledge that all but one doctor had relied on the erroneous presentence report, including those doctors who testified for the appellant at his original hearing. As for the other doctor, Dr. Cole, the court appeared uncertain as to the source(s) of the information relied upon by him. At the hearing, only the appellant and not his counsel objected to reliance on the doctor's reports at resentencing.

The court refused to order a new presentence report and sentenced Grier to two concurrent 18-year terms. Judge Riddel stated the following reasons in support of her decision:

> The sentence that will be imposed at this time will be an aggravated sentence, and an aggravated sentence is imposed based upon the facts which I find in these documents to which I have referred about the longstanding use and addiction to a variety of drugs, one being substituted for the other; two, the inability to maintain a steady employment, to the psychiatric factors and psychological factors shown by the reports which indicate an anti-social behavior and no prognosis for a change and that society does, indeed, need to be protected. The—the prior conviction record truly fades into significance in view of those other three factors.

## I. PRECLUSION OF THE ASSISTANCE OF COUNSEL ISSUE

The appellant argues that he should be given a new trial because he received ineffective assistance of counsel at his trial. The state contends that he is now precluded from raising this claim since it could have been raised in his original appeal or in his original petition for post-conviction relief, which was dismissed. Grier claims his counsel at trial was ineffective because: 1) he withdrew his motion to suppress the testimony by the victim following memory enhancement hypnosis; 2) he failed to move to suppress the pretrial identification of the appellant by the victim at the preliminary hearing; 3) he failed to call his roommate and others as witnesses; 4) he failed to request a doctor to testify that Grier did not have a venereal disease; and 5) his counsel was ill during the course of the trial. We find that the issue of ineffective assistance of counsel is not properly brought before this court and contains no merit.

■ The issue of ineffective counsel was never addressed by the trial court which heard appellant's second petition for post-conviction relief. Indeed, the issue of ineffective counsel at the trial stage was not raised prior to the appeal of the resentencing to the Court of Appeals. "In pursuing post-conviction remedies, petitioner is limited to procedures set forth in the rule." *State v. Gause,* 112 Ariz. 296, 297, 541 P.2d 396, 397 (1975), *cert. denied,* 425 U.S. 915, 96 S.Ct. 1515, 47 L.Ed.2d 766 (1976); *see also State v. Carriger,* 143 Ariz. 142, 146, 692 P.2d 991, 995 (1984), *cert. denied,* — U.S. —, 105 S.Ct. 2347, 85 L.Ed.2d 864 (1985). 17 A.R.S. Rules of Criminal Procedure, rule 32.10 states:

> "All grounds for relief available to petitioner must be raised by petitioner either in his petition or in the hearing thereon. Any ground not raised will be presumed waived and may not be the basis for subsequent petition unless the court finds there was reasonable ground for omitting the matter in the original petition or hearing."

Grier did not present the issue of ineffective counsel at trial in any of his filings related to his second petition for post-conviction relief, nor was this topic addressed in either of the hearings prior to the resentencing.

■ Appellant in his brief to the Court of Appeals contends that he failed to appeal the first petition for post-conviction relief because he did not know about Rule 32 and was represented by court-appointed counsel. Granted the fact that his court-

appointed counsel for the first petition did not even talk with appellant prior to the court's dismissal, this does not explain why this claim was not brought up in his second petition. Grier does not argue that at the time he filed his second petition, he was still not aware of the rule and procedure. He offers no "reasonable ground for omitting the matter in the original petition or hearing." Rule 32.10. We, therefore, find that he is precluded from raising the issue as the basis of this appeal.

## II. IMPROPER RESENTENCING ON THE BASIS OF AN ERRONEOUS PRESENTENCE REPORT

Appellant Grier argues that it was improper to resentence him without the aid of a new presentence report. The State contends that any deficiencies in the report were corrected in post-conviction relief proceedings and that the resentence should therefore be affirmed.

Trial courts have broad discretion in sentencing convicted defendants. *State v. Stotts*, 144 Ariz. 72, 87, 695 P.2d 1110, 1125 (1985). If a sentence is within statutory limits, it will not be modified or reduced unless, from the circumstances, it clearly appears the sentence was an abuse of discretion. *Id., State v. La Mountain*, 125 Ariz. 547, 552, 611 P.2d 551, 556 (1980). An abuse of discretion in sentencing is characterized by capriciousness, arbitrariness or by failure to conduct an adequate investigation into facts necessary for an intelligent exercise of the court's sentencing power. *State v. Stotts*, 144 Ariz. at 87, 695 P.2d at 1125.

Convicted defendants have a due process right to a fair sentencing procedure which includes the right to be sentenced on the basis of accurate information. *United States v. Tucker*, 404 U.S. 443, 447, 92 S.Ct. 589, 591, 30 L.Ed.2d 592, 596 (1972); *Townsend v. Burke*, 334 U.S. 736, 741, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690, 1693–94 (1948). A sentence must be set aside where the defendant can demonstrate that false information formed part of the basis for the sentence. The defendant must show: (1) that the information before the sentencing court was false or misleading and, (2) that the court relied on the false information in passing sentence. *See United States v. Rone*, 743 F.2d 1169, 1171 (7th Cir.1984).

Appellant successfully demonstrated to the trial court that the presentence report contained various mistakes relating to the extent of appellant's criminal history. Also, the court found, in granting the hearing, that the first sentencing court had undoubtedly relied on those prior convictions in imposing the first sentence. Appellant now contends that the second sentencing judge also relied on this false information in resentencing him.

At the resentencing, the trial judge imposed the aggravated sentence relying on three factors: (1) the appellant's "longstanding use and addiction to a variety of drugs, one being substituted for the other"; (2) the inability of the defendant to maintain steady employment; and (3) "to the psychiatric factors and psychological factors shown by the reports which indicate an anti-social behavior and no prognosis for a change and that society does, indeed, need to be protected."

After the sentence was reimposed, the appellant objected to the characterization that he was a drug addict:

THE COURT: What is wrong with the Pre-Sentence report, other than the recitations about your prior record?

MR. GRIER: You stated I had a drug addiction. Show me one time where I have drugs—a drug addiction.

THE COURT: Oh, no, I'm not talking—I didn't say a drug addiction.

MR. GRIER: You said addiction.

THE COURT: I said a drug addiction, heroin, marijuana, longstanding marijuana problems by your own statements in here, two years, and you go crazy.

. . . .

LSD for a period of time. Are those statements all inaccurate?

MR. GRIER: When I was 18, 19, I had taken drugs, but I haven't taken no drugs in so long and don't want any.

THE COURT: Oh. Well, I quite understand.

MR. GRIER: But yet—but, yet, you're still using that against me because I—

THE COURT: You bet I am.

. . . .

THE COURT: In the past you have substituted one drug for another as a way of life. It has not been the same one and, true, you may not now be addicted. I hope you are not.

The court went on to tell the appellant: "[B]ased upon what I know about you and your pattern of living in the past, that a maximum sentence would be appropriate." Earlier the judge acknowledged that she had told appellant what she had read, and what she was relying on, ". . . because it's all I know about you."[1] From this exchange the judge noted that Grier had a history of drug abuse. However, there is no showing that this drug abuse played a role in the charged crime. This factor alone would not support the aggravated sentence imposed by the trial court on resentencing.

■ The second factor that the trial judge characterized as an aggravating circumstance was the "inability to maintain a steady employment." At the first sentencing, this factor was specifically excluded by the sentencing judge as an aggravating factor:

THE COURT: I also consider the following other factors to be appropriate for the ends of justice: All of those reasons set forth in the pre-sentence report on page nine, except number two, I have considered as aggravating circumstances.

Page 9 on the presentence report lists the following factors in making the recommendation that appellant be incarcerated in excess of the presumptive term:

1. The defendant's extensive prior criminal record, which now includes three convictions on sexual assault related charges.

2. The defendant's inability to maintain steady employment.

3. The defendant has established assaultive and violent behavior patterns.

4. The defendant's impaired mental health condition coupled with his violent and assaultive behavior make him a definite threat to the safety and well-being of the community.

5. Prior convictions for sexually assaultive behavior indicate established patterns regarding these types of offenses.

6. Although it appears to this writer that the defendant is in need of mental health therapy, it is the observation of this writer that because the defendant poses an extreme threat to the community, the safety and well-being of the community is the more important consideration in sentencing of this defendant.

Item two, which the original sentencing judge explicitly deleted, was a factor in imposing an aggravated sentence. Again, this factor alone or coupled with the first would not support such an aggravated sentence.

It is, therefore, the third factor which the resentencing court relied on that figures most significantly in the imposition of the aggravated sentence: "[T]he psychiatric factors and psychological factors shown by the reports which indicate an anti-social behavior and no prognosis for a change and that society does, indeed, need to be protected."

■ The trial court recognized that each of the doctors had either read the presentence report or else could have potentially seen the appellant's erroneous "rap" sheets. However, the trial court did not conduct an investigation into how this information may have influenced their re-

---

1. Judge Riddel stated at the beginning of the hearing that "I have spent some time reviewing the file and documents in it. I have read carefully the report of Dr. Cole, of Dr. Gray, of Dr. Lanyon, of Dr. Blackwood. I have read the pre-sentence report in the matter. I have read the documents that relate to the issue before me. . . ."

ports.[2] Therefore, because the various medical and psychological reports were tainted with an erroneous prior conviction profile, we find the court's mere attempt to correct the prior convictions in the original report insufficient. Unlike *State v. Warren*, 124 Ariz. 396, 405, 604 P.2d 660, 669 (App.1979), it is clear here that the resentencing court relied on the reports and was adversely influenced by content which may have been erroneous.

■ The failure of the trial court to conduct an adequate investigation into facts necessary for an intelligent exercise of its sentencing power is an abuse of discretion. *State v. Stotts,* 144 Ariz. at 87, 695 P.2d at 1125. It was, therefore, an abuse of discretion for the trial court to rely on the doctors' reports and to speculate as to what impact, if any, the erroneous prior convictions may have had on their conclusions. The very purpose of the presentence report and the doctors' reports is to take the guesswork out of sentencing. These reports enable the sentencing judge to tailor the sentence to the individual. *See State v. Clabourne*, 142 Ariz. 335, 346, 690 P.2d 54, 65 (1984). In this instance, the trial judge relied on inadequate guesswork and this was an abuse of discretion.

### III. IS THE APPELLANT ENTITLED TO A NEW PRESENTENCE REPORT?

■ Appellant Grier argues that it was improper to resentence him without the aid of a new presentence report. We agree. The presentence report, the testimony at the original hearing and the reports prepared for that hearing all appeared to rely on the incorrect listing of prior convictions. This is not a case where a simple updating of a prior presentence report would be adequate. *See, e.g., State v. Blier*, 113 Ariz. 501, 505, 557 P.2d 1058, 1062 (1976). Nor is this a case where the trial judge does not exercise "discretion" due to the acceptance of a plea agreement. *See State v. McVay,*

131 Ariz. 369, 371, 641 P.2d 857, 859 (1982). Rather, in the instant case, the sentencing judge relied on the diagnostic and psychological reports, knowing they were potentially influenced by the erroneous convictions. It is because the judge clearly was influenced by what could be erroneous reports that we vacate the sentence imposed.

We have reviewed the record for fundamental error. A.R.S. § 13–4035; *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *State v. Leon,* 104 Ariz. 297, 451 P.2d 878 (1969). We have found none.

The memorandum decision of the court of appeals is vacated, the sentences are vacated, and the matter is remanded to the trial court with instructions to resentence the appellant after ordering the preparation of a new presentence report and a presentence hearing pursuant to 17 A.R.S. Rules of Criminal Procedure, rule 26.7.

HOLOHAN, C.J., GORDON, Vice Chief Justice, and CAMERON and FELDMAN, JJ., concur.

---

**2.** At the original sentencing, testifying for the defendant, Dr. Richard I. Lanyon discussed the possibility that the defendant's antisocial behavior may have a physical cause. The prosecutor used the fact that "he had been committing these same sorts of crimes since 1969" to rebut that theory. The doctor was forced to admit that appellant's criminal history was inconsistent with certain diagnosis.