719 P.2d 280
**STATE of Arizona, Appellee,**

v.

**James Steven MOUNT, Appellant.**

**No. 1 CA–CR 8608.**

Court of Appeals of Arizona,
Division 1, Department D.

Feb. 20, 1986.

Review Denied April 29, 1986.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., R. Wayne Ford, Asst. Atty. Gen., Phoenix, for appellee.

John R. Hart, Yuma, for appellant.

Kirby Kongable, Yuma, for appellant.

James Steven Mount, in pro. per.

OPINION

GRANT, Presiding Judge.

Defendant, James Steven Mount, was convicted of one count of trafficking in stolen property,[1] a class 3 felony, and sentenced to the presumptive term of 7½ years' imprisonment. Pursuant to A.R.S. § 13–604(M) defendant was also sentenced to an additional two years for committing the present offense while on release for a prior alleged felony offense.

---

1. Defendant was also charged with three counts of theft. On the theft charges, however, defend- ant was acquitted.

Trial counsel filed a brief in compliance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *State v. Leon,* 104 Ariz. 297, 451 P.2d 878 (1969). Counsel raised one arguable issue. Defendant filed a *pro per* supplemental brief raising several additional issues to which this court ordered the state to respond. Defendant also filed a reply brief *in propria persona.* The following issues are presented for review:

(1) Did the trial court err in permitting the state to use defendant's prior felony burglary conviction for impeachment?

(2) Did the trial court err in sentencing defendant pursuant to A.R.S. § 13–604(M)?

(3) Did the trial court rely on an erroneous presentence report in sentencing defendant?

(4) Did counsel's failure to make a closing argument concerning the trafficking in stolen property charge constitute ineffective assistance of counsel?

## IMPEACHMENT WITH PRIOR FELONY CONVICTION

Counsel attacks the court's ruling that the state could use evidence of defendant's prior felony burglary conviction for impeachment purposes. Defendant made a motion *in limine* to preclude the state's use of defendant's prior conviction. The state argued that the prior conviction had particular probative value since a noticed defense in this case was entrapment. The court took the motion under advisement and stated that if the defense was going to rely on entrapment, the prior conviction "would appear to have substantial weight of probative value to the State."

■ We will not disturb the trial court's ruling on the use of a prior conviction under rule 609(a), Arizona Rules of Evidence, absent a clear abuse of discretion. *State v. Dixon,* 126 Ariz. 613, 617 P.2d 779 (1980). We find no abuse of discretion in this case.

Defendant argues that since the state failed to respond to this issue error should be deemed admitted. However, this court specifically ordered the state to file an answering brief responding to the issues raised in defendant's *pro per* supplemental brief. The state complied with this court's order.

## SENTENCE ENHANCEMENT PURSUANT TO A.R.S. § 13–604(M)

Defendant also claims that the court erred in enhancing his sentence pursuant to A.R.S. § 13–604(M). A.R.S. § 13–604(M) provides:

A person convicted of committing any felony offense, which felony offense is committed *while the person is released on bail or on his own recognizance on a separate felony offense,* shall be sentenced to a term of imprisonment two years longer than would otherwise be imposed for the felony offense committed while released on bond or on his own recognizance. The additional sentence imposed under this subsection is an addition to any enhanced punishment that may be applicable under any of the other subsections of this section.

(Emphasis added.)

The state alleged that defendant committed the present offense while he was on release pending trial on a separate felony charge. The jury found the allegation to be true. The state's evidence showed that the underlying felony charge was pending at the time that the present offense was committed, but was later dismissed. At sentencing, the prosecutor stated that the underlying charge upon which defendant had been released was dismissed shortly before trial because the victim had suffered a stroke and could not testify.

■ The wording of A.R.S. § 13–604(M) is clear. The statute states that the sentence shall be increased when the new offense is committed while on release. Rule 7.3, Arizona Rules of Criminal Procedure, provides that a mandatory term of release shall be that the defendant "refrain from committing any criminal offense." The in-

tent of the legislature was to increase the punishment for breaching the conditions of release by committing a felony offense. We do not agree with defendant's contention that he cannot be given an enhanced sentence based on the fact that the underlying charge was subsequently dismissed.

## PRESENTENCE REPORT

Defendant's next claim is that the sentencing court erred in relying on an erroneous presentence report which defendant had not had an opportunity to review. Defendant argues that false statements in the presentence report affected his sentence.

Inspection of the presentence report by a defendant is in the discretion of the trial court. *State v. Gunter*, 132 Ariz. 64, 643 P.2d 1034 (App.1982). There has been no showing in this case that the trial court abused its discretion.

Defendant has a due process right to a fair sentencing proceeding. This means that defendant has the right to be sentenced on the basis of correct information. *United States v. Tucker*, 404 U.S. 443, 447, 92 S.Ct. 589, 591, 30 L.Ed.2d 592, 596 (1972); *Townsend v. Burke*, 334 U.S. 736, 741, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690, 1693–94 (1948); *State v. Grier*, 146 Ariz. 511, 707 P.2d 309, (1985). We must set aside the sentence if the defendant shows: "(1) that the information before the sentencing court was false or misleading and (2) that the court relied on the false information in passing sentence." *State v. Grier*, 146 Ariz. at 515, 707 P.2d 309.

A mitigation hearing was held at which defendant testified that he had problems with the law since he was twelve years old. He testified that his problems stemmed from his drug abuse. Counsel argued that, in spite of defendant's rather extensive record, the court should consider the fact that none of his crimes involved violence. When asked, defendant had nothing to add. The court sentenced defendant to the presumptive term.

Defendant's only specific claim is that he did not have two prior felony convictions as stated in the presentence report. The pro-

bation report recommended maximum sentences based on defendant's history. While the recommendation mentioned two prior records, the text spoke only of the 1975 burglary conviction.

■ We do not believe that defendant has shown that his sentence was adversely affected by the statement. Defendant did not have a right to receive a mitigated sentence. Under A.R.S. § 13–702, the imposition of sentence other than the presumptive term is in the sentencing court's discretion. The burden is on the defendant to prove mitigating factors. *State v. Poland*, 144 Ariz. 412, 698 P.2d 207 (1985).

■ Defendant also contends that counsel was ineffective in failing to provide him an opportunity to review the presentence report. The applicable test for ineffective assistance of counsel has two parts: (1) whether counsel's performance was reasonable under prevailing professional norms, *State v. Lee*, 142 Ariz. 210, 689 P.2d 153 (1984), and (2) whether there is a reasonable probability of a different result. *State v. Nash*, 143 Ariz. 392, 694 P.2d 222 (1985). Even if we accept as true defendant's claim that he did not have an opportunity to review the presentence report, defendant has not made the requisite showing of prejudice.

## CLOSING ARGUMENT

Defendant's last claim is that his counsel was ineffective in failing to address the jury regarding the trafficking in stolen property charge and in failing to request that the transcript of the closing argument be made part of the record on appeal. On April 1, 1985, counsel sent defendant the case files including the transcripts. Counsel informed defendant that he would have to request any additional material, including transcripts of the arguments, on his own. Counsel further advised defendant that additional requests should be immediately made. Defendant filed a petition for production of documents with this court. Defendant's request included transcripts of the opening and closing statements of the

state and defense counsel. On April 30, 1985, this court denied defendant's request for a transcript of the jury voir dire and the opening and closing statements of counsel, pursuant to rule 31.8, Arizona Rules of Criminal Procedure.

Defendant then filed a motion to dismiss counsel in which defendant stated that he intended to raise trial counsel's incompetence on appeal. This court allowed trial counsel to withdraw, appointed Kirby Kongable and requested that Mr. Kongable review the record and advise this court if there were any basis upon which to file an appeal. Mr. Kongable advised this court that, in his professional opinion, there were no meritorious issues raised in the file or in defendant's supplemental opening brief. He stated that this case could be properly considered as an *Anders* appeal.

■ Failure to give closing argument does not automatically constitute ineffective assistance of counsel. *State v. Lee*, 142 Ariz. at 217, 689 P.2d at 160. Silence may be a matter of trial strategy. *Id.* There is no showing of prejudice to defendant's case even if the allegation that counsel failed to mention the trafficking charge in his closing argument is accepted. The evidence, taken in a light most favorable to upholding the conviction, shows that defendant sold three lawn mowers to three separate buyers. The lawn mowers were shown to be stolen from Reddy Rents. The mere fact that trafficking in stolen property is the only charge upon which defendant was found guilty is not in itself sufficient to show prejudice. We believe that the evidence presented at trial supported the jury's verdict. Even if defendant's contention is true, defendant has failed to meet his burden of showing a reasonable probability of a different result. *State v. Nash*, 143 Ariz. at 398, 694 P.2d at 228.

We affirm the judgment of conviction and sentence.

JACOBSON and SHELLEY, JJ., concur.