761 P.2d 1106

**The STATE of Arizona, Petitioner,**

v.

**The Honorable Harry S. GIN, Judge of the Superior Court In and For the County of Pima, State of Arizona, Respondent,**

**Alfredo Danny LUCERO, Real Party in Interest.**

**No. 2 CA–SA 88–0061.**

Court of Appeals of Arizona, Division 2, Department B.

June 16, 1988.

Review Denied Oct. 12, 1988.*

---

* Gordon, C.J., of the Supreme Court, did not participate in the determination of this matter.

Stephen D. Neely, Pima Co. Atty. by Lola C. Rainey, Tucson, for petitioner.

Harold L. Higgins, Jr., Pima County Public Defender by Blaine S. Gaub, Tucson, for real party in interest.

## OPINION

LIVERMORE, Presiding Judge.

The state brings this special action to challenge the trial court's order dismissing an indictment which charged the real party in interest, Alfredo Danny Lucero, with DUI on a suspended license, a class 5 felony in violation of A.R.S. § 28–692.02(A)(1). Because the state has no equally plain, speedy or adequate remedy by appeal, Ariz.R.P. Spec. Act. 1(a), 17A A.R.S.; *Hinson v. Coulter*, 150 Ariz. 306, 723 P.2d 655 (1986), and because we believe the trial court's ruling was in error, we assume jurisdiction and grant relief.

The question presented is whether a charge of DUI on a suspended license may be brought where the license suspension on which the charge is based was the result of a prior DUI conviction entered upon an uncounseled guilty plea.

On October 14, 1987, Lucero pled no contest to a charge that he violated A.R.S. § 28–692(A). Based upon that plea, the court entered a judgment of guilt which resulted in the suspension of Lucero's driver's license. Approximately one month later, on November 11, 1987, Lucero was again arrested and was issued a citation for violating A.R.S. §§ 28–692(A) (driving while under the influence of intoxicating liquor) and –692(B) (driving while there was .10 percent or more by weight of alco-

hol in his blood). On December 22 an indictment issued charging appellant under A.R.S. § 28–692.02(A)(1) with violating A.R.S. § 28–692 while his license was suspended, a class 5 felony.

Following the indictment, Lucero filed a "Motion to Strike Allegation of Prior Conviction/Dismiss." Lucero argued that his prior conviction was constitutionally defective because at the time he pled no contest to that offense, he did not knowingly and intelligently waive his right to counsel. Lucero's prior DUI conviction was entered by a magistrate in the Marana Town Court. In the instant case, the respondent superior court judge conducted a hearing on Lucero's motion to strike at which the Marana court magistrate testified. Additionally, all the Marana court records of Lucero's plea and conviction were placed in the record.

Based upon the Marana Town Court documents and the testimony of Marana Court Magistrate George W. Kline, Lucero argued to the respondent court that the state could not use the suspension resulting from his prior uncounseled DUI conviction to "enhance" Lucero's current DUI offense under § 28–692.02(A)(1). The court granted Lucero's motion and dismissed the indictment with leave to the state to refile, and stated "[a]fter reviewing the evidence and the law, the court cannot find that the lower court could find that the defendant made a knowing, intelligent and voluntary waiver of his rights to counsel with regard to the prior DUI." Subsequently, the respondent judge entered an under-advisement ruling denying the state's motion to reconsider its dismissal but modifying its previous order to reinstate the charge as a violation of A.R.S. § 28–692(A) and –692(B), ordering that the matter proceed to trial on that lesser charge. In that minute entry, the respondent judge compared the instant case to a recent unpublished memorandum decision of this court, finding "there was testimony presented that the Magistrate below did little else but to tell the Defendant that he had a right to have counsel appointed if he could not afford one. He did not discuss with the Defendant the benefits a lawyer could afford the Defendant, nor anything else

which would demonstrate that the Defendant's decision to waive counsel was made intelligently."

## SUBSTANTIVE OFFENSE; ENHANCEMENT

◼ The state first argues that the offense as charged, a violation of § 28–692.02(A)(1), does not involve the use of Lucero's prior conviction for enhancement purposes. Rather, the state contends, it is the license suspension and not the prior DUI conviction that is essential to the establishment of the felony charge. We agree.

A.R.S. § 28–692.02(A)(1) provides that "[a] person is guilty of a class 5 felony if the person ... [c]ommits a violation of § 28–692 while the person's, operator's or chauffeur's license is suspended...." Under that statute, the state must prove a violation of § 28–692(A) or (B) occurring while a defendant's driver's license is suspended, and that the defendant had notice of the suspension. Those are the elements of the substantive felony charge. Even if we were to find that Lucero's prior uncounseled DUI conviction is constitutionally infirm for enhancement purposes, such a determination would have no effect on the charge at issue here, DUI on a suspended license. It is the suspension which is a substantive element of the offense. That element is established by the state proving the fact of suspension and Lucero's notice of the suspension. The basis for the suspension is irrelevent and could have resulted from any number of circumstances. See A.R.S. § 28–441(A) (suspension for failure to give required or correct information in license application); A.R.S. § 28–1253(G) (suspension for failure to comply with financial responsibility requirements); A.R.S. § 28–446(A)(3) (suspension for frequent moving violations of traffic regulations). See also State v. Gonzales, 27 Ariz.App. 308, 554 P.2d 904 (1976) (suspension pursuant to financial responsibility laws can be the basis for change under A.R.S. § 28–692.02). In Gonzales, the court stated: "The statutory language is clear and expresses a legislative intent to punish

more severely persons whose licenses have been suspended, *for whatever reason,* and who drive a vehicle while intoxicated during the suspension period." 27 Ariz.App. at 309, 554 P.2d at 905 (emphasis in original). Keeping that legislative intent in mind we do not believe that Lucero's charge of DUI while his license is suspended constitutes enhancement with the prior DUI, but results from his current DUI offense which occurred during a suspension period of which he was aware.

Even assuming the suspension may have resulted from a conviction which could not be used as a prior for enhancement purposes, it does not invalidate the felony DUI charge against Lucero. We analogize this situation to that presented in *State v. Mount,* 149 Ariz. 394, 719 P.2d 280 (App. 1986). In *Mount,* the defendant argued that the court could not enhance his sentence pursuant to § 13–604(M) for having committed a felony while released on bail on a separate felony because, while his second felony case was pending, the state dismissed the underlying charge upon which he had been released. The court determined that the language of § 13–604(M) is clear in providing for an increased sentence when an offense has been committed while on release from a separate felony. Based on the statutory wording, the court disagreed with the argument that the defendant could not be given an enhanced sentence because the underlying charge had been dismissed. 149 Ariz. at 395–96, 719 P.2d at 281–82. Similarly, in the instant case, it is the fact that Lucero violated A.R.S. § 28–692 while his license was suspended which establishes the elements of the felony offense charged under § 28–692.02(A)(1). Additionally, this situation is analagous to a conviction for criminal contempt followed by a reversal of the underlying court order the disobedience of which resulted in the contempt citation. Absent a stay, if a person at whom a court's order or judgment is directed violates the order, the subsequent finding of invalidity is not a defense in criminal contempt proceedings. *See In re Grand Jury*

*Proceedings,* 601 F.2d 162, 169 (5th Cir. 1979); *United States v. Renfroe,* 634 F.Supp. 1536, 1542–43 (W.D.Pa.1986), *aff'd,* 806 F.2d 255. Finally, we note that neither the validity of the suspension order nor the conviction were questioned by Lucero either administratively or on appeal. *See State v. Hooker,* 131 Ariz. 480, 481, 642 P.2d 477, 478 (App.1982).

The trial court's order is vacated and the court is instructed to reinstate the indictment and the original charges and to set a trial date that will insure compliance with the requirements of *Hinson v. Coulter.*

ROLL and FERNANDEZ, JJ., concur.