962 P.2d 224

**STATE of Arizona, Respondent,**

v.

**David CRAMER, Petitioner.**

**No. 1 CA–CR 96–0866–PR.**

Court of Appeals of Arizona,
Division 1, Department E.

Jan. 13, 1998.

Review Denied Sept. 10, 1998.

---

Richard M. Romley, Maricopa County, Attorney by R. Stephen Kramer, Deputy County Attorney, Phoenix, for Respondent.

Richard D. Coffinger, Glendale, for Petitioner.

## OPINION

TOCI, Judge.

¶1 David Cramer ("defendant") petitioned this court to review the trial court's denial of a motion to withdraw his guilty plea and a petition for post-conviction relief. The state charged defendant with driving while under the influence of intoxicating liquor on a license that was revoked because of an earlier reckless driving conviction ("aggravated DUI"). After defendant entered a plea agreement in this case, a court vacated the

reckless driving conviction and the Arizona Department of Transportation ("ADOT") rescinded the order revoking defendant's license.

¶2 The main issue is whether a factual basis existed for defendant's plea to aggravated DUI. We conclude that the order of revocation was merely voidable and, until rescinded, was available to support the factual basis for defendant's plea. We grant review of the petition for review, but for the reasons stated, deny relief.

## I. PROCEDURAL HISTORY

¶3 On January 20, 1992, ADOT notified defendant that it had entered an order revoking his driver's license as a consequence of a second conviction for reckless driving following a guilty plea in municipal court. This order was in effect on October 23, 1993, when defendant was arrested and charged with one count of aggravated DUI in violation of Arizona Revised Statutes Annotated ("A.R.S.") sections 28–692(A)(1) and 28–697(A)(1) (Supp.1993)[1] and one count of unlawful flight from a law enforcement vehicle. The state also alleged defendant was previously convicted of the crime of escape in the second degree. Defendant pled guilty to aggravated DUI, a class 4 felony. The state dismissed the felony flight charge and the allegation of prior felony conviction. The parties stipulated defendant would serve six months in the custody of the Department of Corrections and would receive four years of supervised probation.

¶4 Before sentencing, defendant moved to withdraw his guilty plea pursuant to Rule 17.5, Arizona Rules of Criminal Procedure, because of newly-discovered facts. He asserted that, after his plea to aggravated DUI, the Maricopa County Superior Court vacated his second conviction for reckless driving and ADOT accordingly rescinded its license revocation order that arose from this conviction. According to defendant, the order revoking his license was therefore void

1. A.R.S. § 28–692 was transferred and renumbered as A.R.S. § 28–1381 by 1996 Ariz. Sess. Laws, ch. 76, § 3, and was amended by 1997 Ariz. Sess. Law, ch. 1, § 106. A.R.S. § 28–697 was transferred, renumbered as § 28–1383 and amended by 1996 Ariz. Sess. Laws, ch. 1, § 108, and ch. 220, § 82.

and could not serve as a factual basis for his guilty plea to the aggravated DUI offense.

¶ 5   In response, the state argued that a sufficient factual basis existed because defendant admitted that, at the time of the DUI offense, his driver's license was revoked and that he knew of the revocation.   The state also argued that defendant had other license suspensions in effect at the time of his DUI that served to provide a sufficient factual basis for his plea.

¶ 6   The trial court denied the motion to withdraw the guilty plea.   The judge stated, "For purposes of the record, as I previously indicated to counsel, it is the opinion of this court that although the underlying suspension was later overturned, as of the date of the offense, the defendant's license was suspended, canceled, revoked or refused."   Although counsel initiated post-conviction relief proceedings pursuant to Rule 32, because he did not raise additional issues, the court denied post-conviction relief based upon the prior orders of the court.

¶ 7   Defendant filed a timely petition for review to this court pursuant to Rule 32.9(c), Arizona Rules of Criminal Procedure.   He challenges the trial court's denial of his motion to withdraw his guilty plea and petition for post-conviction relief.   Defendant also claims the trial court erred by failing to grant his motion to strike the allegation of prior felony conviction and asks this court to do so.

## II.  DISCUSSION

¶ 8   Rule 17.5 provides that the trial court may allow "withdrawal of a plea of guilty or no contest when necessary to correct a manifest injustice."   This court reviews the trial court's decision for abuse of discretion.   *State v. Richardson,* 175 Ariz. 336, 339, 857 P.2d 388, 391 (App.1993).   Also, the grant or denial of post-conviction relief under Rule 32 is within the discretion of the trial court, and we will not reverse the trial court's decision absent an abuse of that discretion.   *State v. Schrock,* 149 Ariz. 433, 441, 719 P.2d 1049, 1057 (1986).

¶ 9   Defendant was convicted of a violation of A.R.S. section 28–697(A)(1) (Supp. 1993), which at that time provided:

> A person is guilty of aggravated driving or actual physical control while under the influence of intoxicating liquor or drugs if the person ... [c]ommits a violation of § 28–692 or this section while the person's driver's license or privilege to drive is suspended, cancelled, revoked or refused or in violation of a restriction placed on a driver's license as a result of violating § 28–692 or under § 28–694.

To support the conviction for aggravated DUI, the state is required to prove the defendant drove a motor vehicle under the influence of alcohol while his license was revoked and that he knew or should have known of the revocation.   *State v. Rivera,* 177 Ariz. 476, 479, 868 P.2d 1059, 1062 (App. 1994).

¶ 10   The primary purpose of statutory construction is to determine and give effect to the legislative intent behind the statute.   *State v. Altamirano,* 166 Ariz. 432, 435, 803 P.2d 425, 428 (App.1990).   To that end, the court considers "the context of the statute, the language used, the subject matter, the historical background, the effects and consequences, and the spirit and purpose of the law."   *Id.* (quoting *Martin v. Martin,* 156 Ariz. 452, 457, 752 P.2d 1038, 1043 (1988)).   In determining legislative intent, the court first considers the statute's language because it is the "best and most reliable index of a statute's meaning."   *State v. Nihiser,* 252 Ariz. Adv. Rep. 40, 41, 191 Ariz. 199, 953 P.2d 1252 (App. Sept. 30, 1997) (quoting *Janson v. Christensen,* 167 Ariz. 470, 471, 808 P.2d 1222, 1223 (1991)).

¶ 11   Under A.R.S. section 28–697(A)(1), a DUI is aggravated if a person drives a vehicle while under the influence of intoxicating liquor or drugs *while* his driver's license is revoked and the applicable mens rea is shown.   The ordinary meaning of the word "while" is "during the time that."   *Webster's New Collegiate Dictionary* 1343 (9th ed.1988).   Defendant committed the DUI offense during the time he was subject to an ADOT license revocation order.

¶ 12 Defendant claims, however, that the license revocation order was void because later post-conviction relief proceedings vacated the underlying reckless driving conviction. He relies on the general principle that a void judgment is a nullity, is not entitled to enforcement and that "[a]ll proceedings founded on the void judgment are themselves regarded as invalid and ineffective for any purpose." 46 Am.Jur. 2D *Judgments* § 31 (1994). *See also Valley Vista Dev. Corp. v. City of Broken Arrow,* 766 P.2d 344 (Okla.1988) (a void judgment is no judgment at all and any subsequent proceedings based on the void judgment are themselves void).

¶ 13 Several analogous Arizona cases refute the defendant's argument. In *State v. Gin,* 158 Ariz. 202, 761 P.2d 1106 (App.1988), on which the state relies, the defendant was convicted of DUI on a suspended license in violation of former A.R.S. section 28–692.02(A)(1). The defendant's license had been suspended as a result of a prior felony DUI conviction. Defendant claimed that his prior conviction was constitutionally defective because he did not knowingly waive his right to counsel and that the prior uncounseled conviction therefore could not be used to enhance his subsequent DUI conviction. The trial court dismissed the indictment. *Id.* at 203–04, 761 P.2d at 1107–08.

¶ 14 Noting that it is the "suspension" that is the substantive element of the offense, Division Two of this court rejected the defendant's argument and reversed the trial court's ruling. The court held that the intent of the statute was to punish more severely those whose licenses have been suspended, *"for whatever reason,"* and who drive while intoxicated during the suspension period. *Id.* at 204–05, 761 P.2d at 1108–09 (quoting *State v. Gonzales,* 27 Ariz.App. 308, 309, 554 P.2d 904, 905 (1976)). The court also held that even assuming the suspension resulted from a conviction that could not be used as a prior conviction for enhancement purposes, that fact would not invalidate the felony DUI. "[I]t is the fact that [defendant] violated A.R.S. § 28–692 while his license was suspended which establishes the elements of the felony offense charged under § 28–692.02(A)(1)." *Id. See also State v. Hooker,* 131 Ariz. 480, 481–82, 642 P.2d 477, 478–79 (App.1982).

¶ 15 In *State v. Mount,* 149 Ariz. 394, 719 P.2d 280 (App.1986), on which the *Gin* court relied, the defendant committed a felony while released on bail on a separate felony. While his second felony was pending, the state dismissed the underlying charge upon which he had been released. The court nonetheless enhanced defendant's sentence on the second felony pursuant to former A.R.S. section 13–604(M). This court found that the clear intent of the statute was to increase an offender's punishment for breaching the conditions of release by committing a felony offense. The fact that the underlying charge was later dismissed did not alter the result. *Id.* at 395–96, 719 P.2d at 281–82.

¶ 16 Furthermore, defendant's argument overlooks the distinction between a void judgment or order and one that is voidable. *See In the Matter of the Adoption of Hadtrath,* 121 Ariz. 606, 609, 592 P.2d 1262, 1265 (1979). A judgment or order is void if the court entering it lacked jurisdiction: (1) over the subject matter, (2) over the person involved, or (3) to render the particular judgment or order entered. *Martin v. Martin,* 182 Ariz. 11, 15, 893 P.2d 11, 15 (App.1994). A voidable judgment is one in which the court has jurisdiction over the subject matter and parties but which is otherwise erroneous and subject to reversal. *See Cockerham v. Zikratch,* 127 Ariz. 230, 234, 619 P.2d 739, 743 (1980) (erroneous judgments are those which have been issued by a court with jurisdiction but which are subject to reversal on timely appeal). A judgment that is voidable is binding and enforceable and has all the ordinary attributes of a valid judgment until it is reversed or vacated. *Farms v. Carlsbad Riverside Terrace Apartments, Inc.,* 102 N.M. 50, 690 P.2d 1044, 1046 (N.M.App. 1984); *Thrift v. Bell Lines, Inc.,* 269 F.Supp. 214, 219 (D.S.C.1967).

¶ 17 Here, because ADOT had jurisdiction to enter the license revocation order, the order of revocation was not void, but merely

**154**

voidable.[2] Thus, until ADOT vacated the revocation order, it was valid and binding and defendant was required to obey it. The fact that the license suspension order was later vacated does not invalidate defendant's conviction in this case for violating A.R.S. section 28–697(A)(1). *See, e.g., State v. Orethun,* 84 Wis.2d 487, 267 N.W.2d 318 (1978) (where defendant took no steps to reinstate his revoked license, defendant could be convicted of driving on a revoked license because vacation of speeding conviction did not retroactively invalidate the license revocation). This interpretation of A.R.S. section 28–697(A)(1) is consistent with the purpose of the aggravated DUI statute, which is to impose greater punishment upon a person who commits a DUI and who acts in "clear defiance of Department of Transportation orders." *See O'Hara v. Superior Ct. of State of Ariz. in and for Navajo County,* 138 Ariz. 247, 251, 674 P.2d 310, 314 (1983) (interpreting prior aggravated DUI statute, A.R.S. § 28–692.02).

### III. CONCLUSION

¶ 18 We find that a factual basis existed for defendant's guilty plea to aggravated DUI under A.R.S. section 28–697(A)(1). Because of our resolution of this issue, we need not address defendant's second claim that the allegation of prior felony conviction should be reversed. The trial court did not abuse its discretion by refusing to allow defendant to withdraw from his plea and by denying post-conviction relief. Accordingly, we grant review but deny relief.

GERBER, P.J., and THOMPSON, J., concur.

---

**2.** We note that the trial court vacated the reckless driving conviction because of a faulty plea agreement, not because it lacked jurisdiction.