NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

RICHARD LEE WELCH, *Appellant*.

No. 1 CA-CR 14-0736
FILED 3-24-16

Appeal from the Superior Court in Maricopa County
No.  CR2012-110878-002
The Honorable Brian D. Kaiser, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Colby Mills
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Christopher V. Johns
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Patricia A. Orozco and Judge Kenton D. Jones joined.

---

**J O H N S E N,** Judge:

**¶1**          Richard Lee Welch appeals his convictions and resulting sentences for two counts of aggravated driving under the influence ("DUI"), each a Class 4 felony.  For the reasons that follow, we affirm.

### FACTS AND PROCEDURAL HISTORY

**¶2**          The Arizona Motor Vehicle Division ("MVD") issued Welch a driver's license in December 2006.[1]  Shortly thereafter, the MVD discovered Michigan had suspended a driver's license it had issued to Welch.  The MVD then wrote Welch via first-class mail informing him that if he took no action, his Arizona license would be cancelled.  Welch never responded and the MVD cancelled his license in January 2007.  Welch took no steps thereafter to reinstate his license.

**¶3**          In February 2012, an officer stopped Welch after he saw him swerving across two lanes, tailgating another vehicle and flashing his lights.  Welch appeared intoxicated and admitted his Michigan license had been cancelled.  A blood test revealed Welch had a blood alcohol content of .204.

**¶4**          A jury convicted Welch of one count of aggravated driving while impaired to the slightest degree and one count of aggravated driving with an alcohol level of .08 or higher.  Both counts were aggravated because Welch was driving with a cancelled license.  *See* Ariz. Rev. Stat. ("A.R.S.") § 28-1383(A)(1) (2016).[2]  Welch timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) (2016), 13-4031 (2016) and -4033(A)(1) (2016).

---

[1]          We view the facts in the light most favorable to sustaining the jury's verdicts and resolve all inferences against Welch.  *State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

[2]          Absent material revision after the date of an alleged offense, we cite a statute's current version.

## DISCUSSION

**¶5**  Welch argues the superior court erred by denying his motion for judgment of acquittal pursuant to Arizona Rule of Criminal Procedure 20. Welch argues the State presented insufficient evidence to satisfy the aggravating element of his convictions because it did not prove that the cause of the suspension of his Michigan license was a violation that would result in the suspension of an Arizona driver's license.

**¶6**  We review *de novo* a denial of a motion for acquittal, "viewing the evidence in a light most favorable to sustaining the verdict." *State v. Bible*, 175 Ariz. 549, 595 (1993). A Rule 20 motion shall be granted only if "there is no substantial evidence to warrant a conviction." Ariz. R. Crim. P. 20(a). "Substantial evidence is that which reasonable persons could accept as sufficient to support a guilty verdict beyond a reasonable doubt." *State v. Davolt*, 207 Ariz. 191, 212, ¶ 87 (2004).

**¶7**  Welch argues that because the MVD cancelled his license only because Michigan had suspended his license in that state, the underlying cause of the Michigan suspension was a *de facto* element of his convictions. Welch contends that under *State v. Crawford*, 214 Ariz. 129, 131, ¶ 7 (2007), the violation that caused the Michigan suspension is an aggravating element that must conform exactly to an offense that would result in a suspension of an Arizona driver's license.

**¶8**  Welch argues this case is analogous to *State v. Moran*, 232 Ariz. 528 (App. 2013), in which this court overturned a conviction for aggravated driving while under the influence because the alleged aggravating factors were Nevada convictions under statutes that did not exactly parallel Arizona statutes. *Moran*, 232 Ariz. at 536, ¶ 22. Welch contends that because the precise reason Michigan suspended his license was not in evidence, the jury did not have sufficient evidence to find the Michigan suspension matched a ground for suspension of his license in Arizona.

**¶9**  Welch's argument, however, mischaracterizes the elements of the crimes of which he was convicted. As charged, a defendant commits aggravated DUI by driving while under the influence while his or her "driver license or privilege to drive is suspended, canceled, revoked or refused[.]" A.R.S. § 28-1383(A)(1). Despite Welch's argument, the foreign offense that caused Michigan to suspend his license, which in turn resulted in the MVD cancelling his license in Arizona, is not a substantive element of his convictions. While there is no dispute that the MVD canceled Welch's license after it learned of his Michigan suspension, to convict him of the

crimes charged, the State needed to prove only that Welch drove under the influence "while his license was [cancelled] and that he knew or should have known of the [cancellation]." *State v. Cramer*, 192 Ariz. 150, 152, ¶ 9 (App. 1998); *see State v. Gin*, 158 Ariz. 202, 204 (App. 1988) (even a constitutionally infirm license cancellation is sufficient to satisfy element of aggravated DUI). *See also Cramer*, 192 Ariz. at 153, ¶ 14 ("[T]he intent of the statute was to punish more severely those whose licenses have been suspended, *for whatever reason*, and who drive while intoxicated during the suspension period.") (quotation omitted).

¶10      The record contains sufficient evidence to support the jury's determination that Welch's Arizona license was cancelled at the time of his arrest and that he knew or should have been aware of that fact.[3] The MVD sent Welch notice it intended to cancel his license and Welch took no action to prevent the cancellation or reinstate his license after it was cancelled. Accordingly, the superior court did not err in denying Welch's Rule 20 motion for judgment of acquittal.

## CONCLUSION

¶11      For the foregoing reasons, we affirm Welch's convictions and sentences.



Ruth A. Willingham · Clerk of the Court
FILED: jt

---

[3]    Welch never denied receiving the notice of cancellation from MVD. Furthermore, Welch had the opportunity to contest the cancellation of his license administratively but failed to do so.

4