NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ROGER BRIAN GOSNEY, *Appellant.*

No. 1 CA-CR 24-0130

FILED 04-24-2025

Appeal from the Superior Court in Maricopa County
No. CR2019-104832-001
The Honorable Laura Johnson Giaquinto, Commissioner

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Gracynthia Claw
*Counsel for Appellee*

Law Office of Stephen M. Johnson, Inc., Phoenix
By Stephen M. Johnson
*Counsel for Appellant*

_____

## MEMORANDUM DECISION

Judge Andrew M. Jacobs delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Vice Chief Judge Randall M. Howe joined.

_____

**J A C O B S**, Judge:

**¶1**          A jury convicted Roger Brian Gosney of two counts of Aggravated Driving Under the Influence ("DUI") and sentenced him to two 12-year concurrent prison terms.  He argues the sentence violated his rights to due process because it rests, in part, on an incorrect prior prison-release date.  Because there was no factual error, we affirm.

## FACTS AND PROCEDURAL HISTORY

### A.     Officers Arrest Gosney, and a Grand Jury Indicts Him on Two Counts of Aggravated DUI.

**¶2**          On January 30, 2019, officers arrested Gosney during a traffic stop after Gosney failed field sobriety tests and showed other signs of impairment.  Officers also discovered his driver's license had been revoked. Officers obtained a search warrant for Gosney's blood, which contained a blood alcohol concentration ("BAC") of .227.  A grand jury indicted Gosney on two counts of Aggravated DUI, both class four felonies.  The State also alleged Gosney had four prior felony DUI convictions.

### B.     The Superior Court Issued a Bench Warrant After Gosney Failed to Appear, and the Jury Convicted Gosney.

**¶3**          In May 2019, Gosney failed to appear at a comprehensive pretrial conference, and the court issued a bench warrant for his arrest.  The court tried Gosney in absentia after he failed to appear at trial in August 2019.  The jury convicted Gosney on both counts.  The court then held a trial on the alleged priors and found the State proved all four prior DUI felony convictions.

### C. The Superior Court Sentenced Gosney to Two 12-Year Concurrent Prison Terms.

¶4        Four years later, in November 2023, officers arrested Gosney on the outstanding warrant.  The court eventually sentenced Gosney in January 2024.

¶5        At sentencing, the court found several aggravating factors, consisting of Gosney's: criminal record (including nine prior felony and misdemeanor DUI convictions, three of which had occurred within the last 84 months); absence from trial and cutting his electronic monitor; elevated BAC at the time of the offense; and committing the offense within "26 days after [being] released from the Department of Corrections ["DOC"] on a same or similar offense."  The court also found Gosney's support in the community, medical issues, and status as a business owner to be mitigating factors.  The court found Gosney's alcohol dependence to be both mitigating and aggravating.

¶6        As proof that the January 2019 DUI was committed within 26 days of Gosney's prior release, the State submitted DOC records showing Gosney's "Prison Release Date" as "01/04/2019[.]"  The records listed "Release Type" as "COMM SUP END DT[.]"

¶7        Before the judge announced the sentence, Gosney's counsel clarified that Gosney did not commit the January 2019 offense within 26 days of his prior prison release.  He stated that while Gosney did not complete community supervision until January 4, 2019, he was physically released from prison months prior.  The court explicitly acknowledged this fact when it stated,

> So, to make our record clear, I will consider that you were perhaps physically released from the Department of Corrections in 2017, but you were on community supervision until January 4th, 2019, and these two offenses were committed on January 30th, 2019.

> And the State's point was that was merely 26 days after you were released from the Department of Corrections for a term of seven and a half years for the same offense that you committed in this matter.

¶8        The court sentenced Gosney to two 12-year concurrent prison terms.  Gosney timely appealed.  We have jurisdiction.  Ariz. Const. art. 6, § 9; A.R.S. §§ 12-120.21(A)(1), 13-4031, -4033(A)(1).

## DISCUSSION

### The Sentencing Judge Did Not Sentence Gosney Based on Incorrect Facts.

¶9　　　　The parties dispute what standard of review applies. The State argues we should apply fundamental error because Gosney failed to object to the supposed factual error upon which his sentence rests, while Gosney contends he preserved his objection to the supposed factual mistake. Yet even if we assume harmless error applies, as Gosney suggests, his appeal misses the mark because he establishes no error, fundamental or otherwise. *See State v. Diaz*, 223 Ariz. 358, 360 ¶ 11 (2010) ("Regardless of how an alleged error ultimately is characterized . . . a defendant on appeal must first establish that some error occurred.").

¶10　　　　Gosney argues the court violated his due process rights by "rel[ying] on a false and material fact in sentencing him to an aggravated term of twelve years." Specifically, he argues "[t]he court's sentencing determination was heavily influenced by its belief" that Gosney committed the January 2019 DUI "just 26 days after being released from prison for a prior DUI conviction." He alleges this was incorrect because Gosney was physically released from prison on October 6, 2017, even though he did not complete community supervision until January 4, 2019. We disagree.

¶11　　　　Gosney is correct that "due process rights are violated when a sentence is imposed based on materially untrue" information. *See State v. Grier*, 146 Ariz. 511, 515 (1985) (recognizing a due process right to be sentenced on accurate information and holding that sentences based in part on false information must be set aside (citing *United States v. Tucker*, 404 U.S. 443, 447 (1972); *Townsend v. Burke*, 334 U.S. 736, 741 (1948))).

¶12　　　　But the court did not rely on untrue information when sentencing Gosney. The court explicitly acknowledged that DOC physically released Gosney from prison before January 4, 2019, stating "I will consider that you were perhaps physically released from the Department of Corrections in 2017, but you were on community supervision until January 4th, 2019[.]"

¶13　　　　The court's summary is well supported by the DOC records presented at sentencing, showing Gosney completed community supervision on that date. Because community supervision was part of Gosney's prior sentence, the DOC did not discharge him until he completed community supervision. *See* A.R.S. § 13-105(5) (defining community supervision as a "portion of a felony sentence"). Nothing barred the court

4

from basing Gosney's sentence, in part, on the 26-day gap between Gosney's release from DOC supervision on January 4 and his new offense on January 30. Because there was no factual error in the grounds for his sentence, the sentence did not violate Gosney's rights to due process. The court did not abuse its discretion by imposing an aggravated sentence.

## CONCLUSION

¶14        We affirm.

