COMMONWEALTH of
Kentucky, Appellant,

v.

Charles R. WILLIS, Appellee.

Louis Dudley GOINS, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

Supreme Court of Kentucky.

Nov. 6, 1986.

As Corrected Nov. 12, 1986.

David Armstrong, Atty. Gen., Connie V. Malone, Asst. Atty. Gen., Frankfort, for appellant/appellee Com. of Ky.

Richard Clay, Kevin Nesbitt, Danville, for appellee Willis.

Marvin B. Coles, Gary L. Dailey, Frankfort, for appellant Goins.

LEIBSON, Justice.

The issue in both of these cases is whether a certified copy of the "Driving History Record" maintained by the Transportation Cabinet, Division of Driver Licensing, may be utilized as evidence of prior convictions for driving under the influence of alcohol at trial of a subsequent D.U.I. offense.

Charles R. Willis was convicted of operating a motor vehicle while under the influence of alcohol, third offense. His conviction was affirmed in Fayette Circuit Court, and then reversed in the Kentucky Court of Appeals on grounds that the trial court erred in permitting the Driving History Record from the Transportation Cabinet to be utilized to prove prior D.U.I. offenses in lieu of the prior judgments of conviction, or duly authenticated copies thereof. We granted the Commonwealth's Motion for Discretionary Review of this issue.

Louis Dudley Goins was convicted of operating a motor vehicle while under the influence of intoxicants, second offense, and his conviction was also affirmed in Fayette Circuit Court. We granted transfer of his appeal to be heard with the Willis case because the issue is the same.

In 1984 the General Assembly enacted KRS 189A.010 et seq., popularly known as the "Slammer Bill," providing progressively more severe penalties for each subsequent offense where the driver is guilty of operating a motor vehicle while under the influence of alcohol or any other substance which may impair his driving ability. Years before this occurred, the General Assembly had enacted KRS 186.018 under

which the Department of Transportation (now the Transportation Cabinet) maintains Driving History Records on all operators of motor vehicles within the Commonwealth, which the Transportation Cabinet then utilizes in carrying out its motor vehicle and driver licensing functions. KRS 186.018 is part of KRS Ch. 186, Licensing of Motor Vehicles. The Chapter is devoted in its entirety to the administrative aspects of the registration and licensing of motor vehicles and their operators. The "Driving History Record" which was utilized in both of these cases to prove previous D.U.I. offenses, is simply a computer printout with multiple information regarding every aspect of the individual's driving history which has been reported to the central record's keeping bureau. This includes reporting of accident involvement, reporting of various kinds of licensing information, and *inter alia* the reporting by circuit clerks of information where there has been a conviction for a traffic offense including D.U.I.

The Commonwealth has maintained that the records in question are admissible under KRS 422.020(4), which provides:

"Any public record, kept by any state administrative agency, or copy duly certified by the custodian thereof, shall be prima facie evidence of its contents in all proceedings."

The Court of Appeals' Opinion in the Willis case states that notwithstanding KRS 422.020(4), "we find it hard to understand how a simple notation of the date of a supposed conviction can suffice to prove the elements of a criminal charge regarding a third offense when no other evidence of prior convictions is offered or filed."

This comment is squarely in line with the "best evidence" rule. Lawson, *Kentucky Evidence Law Handbook*, § 7.15 (2d ed. 1984). KRS 422.020 sets out the method for certifying and introducing into evidence the various official governmental records prepared throughout the Commonwealth by local and state government. It is a statute of longstanding. Until now no one has suggested that it supplants, alters or

expands the rules of evidence, except to facilitate proof of official records when they are otherwise admissible. The "best evidence" rule requires that "if you would prove the contents of a writing, you must produce the writing itself." McCormick, *Law of Evidence* § 229 (2d ed. 1972). The fact that a conviction has occurred is contained in the contents of a judgment. Thus the best evidence of the fact of conviction is the judgment setting out the conviction, and the question is whether the notations in the Driving History Record kept by the Transportation Cabinet are a viable alternative. The answer is, they are not.

The key to unraveling what appears, superficially, as a contradiction between the statute and the best evidence rule, lies in understanding that the statute is nothing more than a device providing the method for authentication of an official record which is otherwise admissible. The statute and our Civil Rule 44.01 serve complimentary purposes. CR 44.01, "Authentication of Copy," provides in pertinent part:

"An official record or an entry therein, *when admissible for any purpose*, may be evidenced by an official publication thereof or by a copy attested by the officer having the legal custody of the record, . . . ." (Emphasis added.)

The key language is "when admissible for any purpose." The threshold question is whether the Driving History Record is admissible for the purpose of proving a previous conviction, and the fact that it has been authenticated as required by KRS 422.020 or Civil Rule 44 does not answer that question. KRS 422.020(4) must be construed to apply only to custodians of records kept in that agency.

The question is what is being proved by the record? In the present case the Driving History Record proves only that the Division of Driver Licensing has noted in its records certain information that has been reported to them, namely, that the individual in question has been convicted of an offense. This document fails not only as the "best evidence" of the fact to be proved, but suffers from the vice of being

hearsay on hearsay. Admitting the official record through the testimony or certification of a custodian is hearsay, but it is an officially recognized exception to the hearsay rule. Admitting the record of the information reported to the Division of Driver Licensing by the court clerk is still one step further removed.

Under such an approach, a so-called "rap sheet," or printout from the Federal Bureau of Investigation containing the information from its records as to prior arrests and convictions, and other similar compilations of information, would become arguably admissible. It may be inconvenient, or indeed sometimes onerous, for the courts to continue to demand the best evidence available to prove the contents of a writing, but it is a salutary rule when the serious consequences that can flow from the use of second rate evidence are considered in the balance.

However, it is a relatively simple matter for the prosecutor to utilize the Driving History Record to locate judgments of previous convictions and then to obtain properly authenticated certified copies of such convictions to use in these cases, just as is done routinely in proving persistent felony offender status under KRS 532.080. In *Garner v. Commonwealth*, Ky., 645 S.W.2d 705, 707 (1983), discussing the extent to which records of the Bureau of Corrections may be used to prove facts in issue in Persistent Felony Offender proceedings, we hold that this is restricted "to proof of age and parole status alone." The judgment of conviction is still necessary "to prove either the *date* of previous offenses, or the *fact* of previous offenses." Leibson, J., concurring in *Hobbs v. Commonwealth*, Ky., 655 S.W.2d 472, 474 (1983). The holding in the present case is consistent with this position.

Our research reveals an Opinion of the Attorney General which should have alerted the Commonwealth for the results to be expected if this type of evidence was utilized, because it reaches the same conclusion, namely, computer printouts of driver licensing and similar records are not admissible in evidence to establish previous convictions. Properly certified copies of the records of convictions are required. OAG 75–561.

In *Commonwealth v. Willis*, the judgment of the Court of Appeals is affirmed. The case is remanded to Fayette District Court for further proceedings consistent with this Opinion.

STEPHENS, C.J., and GANT, LEIBSON and STEPHENSON, JJ. concur.

VANCE and WINTERSHEIMER, JJ., concur in results only.

WHITE, J., not sitting.

In *Goins v. Commonwealth*, the judgment of the Fayette District Court as affirmed by the Fayette Circuit Court, is reversed. The case is remanded to the Fayette District Court for further proceedings consistent with this Opinion.

STEPHENS, C.J., and GANT, LEIBSON, STEPHENSON and WHITE, JJ., concur.

VANCE and WINTERSHEIMER, JJ., concur in results only.