791 P.2d 671

**STATE of Arizona, Appellee,**

v.

**Tom Dean STIDHAM, Appellant.**

**No. 1 CA–CR 88–1082.**

Court of Appeals of Arizona,
Division 1, Department B.

May 1, 1990.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Criminal Div., and Diane M. Ramsey, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Spencer D. Heffel, Deputy Public Defender, Phoenix, for appellant.

## OPINION

GRANT, Chief Judge.

Appellant Tom Dean Stidham (defendant) was charged by indictment with driving under the influence (DUI) while his license was suspended, cancelled, revoked or refused. The jury found him guilty as charged. He received a mitigated sentence of 1.5 years. Defendant timely appealed.

The facts may be summarized as follows, viewed in the light most favorable to sustaining the conviction. *State v. Villafuente*, 142 Ariz. 323, 327, 690 P.2d 42, 46 (1984), *cert. denied*, 469 U.S. 1230, 105 S.Ct. 1234, 84 L.Ed.2d 371 (1985). On December 25, 1987, Officer John Allen (Allen) stopped the defendant after he observed the defendant's poor driving. When Allen asked for identification, defendant produced an Arizona Motor Vehicle Department

(MVD) issued identification-only card. Allen smelled a strong odor of alcohol on the defendant, and the defendant admitted he had consumed one drink. The officer arrested defendant. Inside the car, the officer found a jar containing the alcoholic drink commonly known as a "screwdriver". Defendant refused both the field sobriety and breath analysis tests. Allen was the only witness who testified at trial.

The defendant moved for a directed verdict on three grounds, one of which was that there was no evidence that defendant's license was revoked as of December 25, 1987. The court found that there was sufficient evidence of revocation and submitted the charge to the jury.

Defendant also objected to a proposed instruction on revocation on the grounds that it was a comment on the evidence and that it shifted the burden of proof to the defendant. The court overruled the objection to the instruction. In closing arguments, both counsel discussed whether there was sufficient evidence of revocation at the time of the offense.

Defendant's first argument on appeal is that the court should have granted the motion for acquittal because there was insufficent evidence that his license was revoked on December 25, 1987. Defendant does not contest that he was driving a motor vehicle while under the influence on that date. The state argues that the jury could infer from the evidence that the defendant's license was revoked on the relevant date. We agree with the state's position.

As noted previously, we must view all the facts in the light most favorable to sustaining the conviction. Exhibit 1, a record of defendant's moving violations as of January 5, 1988, shows a revocation as of June 26, 1985. There is no indication on the document that the license had been reissued. Page 2 of Exhibit 1, a form signed by defendant, states, in relevant part, that:

> In accordance with Section 28–445A6, Arizona Revised Statutes, my right to drive in Arizona is revoked for a mini-

mum period of 1 year. From 6–26–85 to 6–26–86.

The third page of Exhibit 1 is an application, dated July 27, 1986, by defendant, requesting an investigation to determine his eligibility to regain his license. Lastly, when stopped the defendant produced an MVD identification-only card, not a driver's license.

 Obviously, the license revocation did not automatically terminate as of June 26, 1986. The issue then is how the state may prove that the revocation remained in effect until the date of the offense. It is a principle of evidence law that the existence of a particular fact before or after the act in question may be shown to indicate the existence of that same condition at the time of the act. *E.g., Day v. Frazier,* 51 Ariz. 474, 78 P.2d 140 (1938); *State v. Miranda,* 3 Ariz.App. 550, 416 P.2d 444 (1966); *City of Phoenix v. Boggs,* 1 Ariz.App. 370, 403 P.2d 305 (1965). As discussed hereafter, a revocation is of indefinite duration. We believe that the jury could reasonably infer, on the basis of the evidence produced, that the revocation remained in effect as of the date of the offense.

We find that the trial court properly denied defendant's motion for a directed verdict on the issue of revocation. There was sufficient evidence for the jury to decide the point.

Defendant's next argument is that the court improperly gave an instruction regarding revocation. His argument has three sub-parts. Defendant complains that the instruction misstates the law because reapplication alone ends the revocation pursuant to A.R.S. § 28–692.02(A)(3), and that, even if § 28–692.02(A)(3) does not apply to this case, it is illogical not to extend the effect of reapplication to subsection (A)(1). Lastly, he argues that the instruction shifted the burden of proof to the defendant, contrary to the holdings of *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), and *State v. Mincey,* 130 Ariz. 389, 636 P.2d 637 (1981), *cert. denied,* 455 U.S. 1003, 102 S.Ct. 1638, 71 L.Ed.2d 871 (1982). The allegedly erroneous instruction was as follows:

After a driver's license is revoked by the State it remains revoked until the licensee makes application for a new license, and a new license has been issued.

We reject defendant's arguments.

First, the charge here was clearly under subsection (A)(1), so the now deleted reapplication language of subsection (A)(3) is not applicable. Subsection (A)(3) requires proof of a second violation. There was no proof whatever given to the jury of a second violation. The prosecutor argued only that the DUI was committed while the license was revoked.

As stated in *State v. Gin,* 158 Ariz. 202, 761 P.2d 1106 (App.1988), under § 28–692.02(A)(1), it is the suspension (revocation) which is the substantive element of the offense. *Id.* at 204, 761 P.2d at 1108. The reason for the suspension is irrelevant under subsection (A)(1). *See also O'Hara v. Superior Court,* 138 Ariz. 247, 674 P.2d 310 (1983).

■ Secondly, reapplication is not a defense to a charge under § 28–692.02(A)(1). The fact that the legislature included language regarding reapplication in subsection (A)(3), but not in subsection (A)(1) shows that it knew the importance of the term and consciously omitted it in subsection (A)(1). If the former language of subsection (A)(3) regarding reapplication created an absurdity, as defendant suggests, that absurdity was corrected by the deletion of the language from the statute. The Arizona Supreme Court discussed the relationship of the three subsections of § 28–692.02 in *O'Hara.* It is not this court's job to offer literary critiques of the legislature's efforts. *State v. Bly,* 127 Ariz. 370, 373, 621 P.2d 279, 232 (1980).

■ Finally, the instruction does not unconstitutionally shift the burden of proof to the defendant. The due process clause places the burden on the prosecution to prove every element of the crime beyond a reasonable doubt. *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). One element of the crime here is that the defendant drove under the influence while his license was revoked.

The instruction given here is a correct statement of the law as set forth in A.R.S. § 28–448(B).[1] While § 28–448(B) is less than clear, we believe it says that a license remains revoked until renewed or restored. This conclusion is in accord with the language in Exhibit 1, page 2, that defendant's revocation was to last "for a minimum period of 1 year." Also, we note that A.R.S. § 28–454 states that the department shall not terminate a suspension or revocation until the person provides proof of financial responsibility. The instruction does not shift the burden of proving reissuance to the defendant. Assuming, *arguendo,* it did, because the duration of a license revocation is indefinite, we do not think it unfair to require defendant to bear the burden of proving that the revocation has ended by restoration of his license. If reapplication, for instance, is a defense, it is not the state's burden to show that the defendant has not reapplied. The state's only burden is to establish the substantive elements of the charged crime. *Patterson v. New York,* 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977); *State v. Fletcher,* 149 Ariz. 187, 192, 717 P.2d 866, 871 (1986). Here the state established that defendant's license had been revoked.

We believe it was necessary to give the instruction so that the jury would know, as a matter of law, that the revocation did not just last for one year. The instruction left it open for the jury to find whether the license had been reissued as of December 25, 1987. It remained for the state to

---

1. Section 28–448(B) provides:

 A person whose license or privilege to drive a motor vehicle on the public highways has been revoked shall not be entitled to have the license or privilege renewed or restored unless the revocation was for a cause which has been removed, except that after the expiration of one year from the date on which the revoked license was surrendered to and re- ceived by the department the person may make application for a new license as provided by law, but the department shall not then issue a new license unless and until it is satisfied after investigation of the character, habits and driving ability of the person that it will be safe to grant the privilege of driving a motor vehicle on the public highways.

prove that the license had not been reissued. If the court had instructed the jury to the effect that: "You are to presume from the fact that the defendant's license was revoked on June 26, 1985, that it had not been reissued as of December 25, 1987," that would have been an improper burden-shifting instruction. *See, e.g., State v. Jensen,* 153 Ariz. 171, 176, 735 P.2d 781, 786 (1987); *Mincey,* 130 Ariz. at 396–98, 636 P.2d at 644–47. Pursuant to A.R.S. § 13–4035, we have reviewed the record for fundamental error and we have found none. For the above reasons, the conviction and sentence are affirmed.

JACOBSON, P.J., and LANKFORD, J., concur.