John TOPPASS, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

No. 89–CA–2126–MR.

Court of Appeals of Kentucky.

Sept. 28, 1990.

Rehearing Denied Dec. 7, 1990.

Paula Fitzgerald, Louisville, for appellant.

Frederic J. Cowan, Atty. Gen., J. Gerald Henry, Asst. Atty. Gen., Frankfort, for appellee.

Before REYNOLDS, STUMBO and WEST, JJ.

WEST, Judge.

This is an appeal from a judgment and sentence of guilty on charges of D.U.I., Operating a Vehicle while License was Suspended for a violation of KRS 189A.010, Speeding, Improper Registration, and Improper Registration Plates. Appellant raises three (3) arguments on appeal, two (2) of which are aimed at the conviction for operating a motor vehicle while his license was suspended for driving under the influence of drugs or alcohol.

The applicable statute is KRS 189A.090, passed as part of the "slammer bill" which went into effect July, 1984 and which reads as follows:

(1) No person shall operate a motor vehicle while his license is revoked or suspended *for violation of KRS 189A.010.*

(2) Any person who violates subsection (1) of this section shall:

(a) For a first offense, be guilty of a Class B misdemeanor;

(b) For a second offense, be guilty of a Class A misdemeanor;

(c) For a third or subsequent offense, be guilty of a Class D felony.

(Emphasis added.)

■ The indictment in this case alleged three (3) prior convictions of operating on a suspended license while the license was suspended for driving under the influence of drugs or alcohol making this offense a Class D felony. The three (3) prior convictions were entered on April 19, 1984, May 10, 1984, and April 9, 1986, respectively. Prior to trial, defense counsel moved for dismissal, pointing out that two (2) of the prior convictions of operating on a suspended license were violations of KRS 186.-620(2). At the time of those convictions, neither KRS 189A.010 nor KRS 189A.090 had been enacted. Appellant argues that the prior convictions of operating on a suspended license under KRS 186.620(2), even though the suspensions in fact resulted from D.U.I. convictions, cannot be used as enhancing offenses under KRS 189A.090 because this statute specifically refers to operating a motor vehicle while one's driver's license is revoked or suspended for a violation of KRS 189A.010. With only one (1) prior conviction for violation of KRS 189A.090, appellant argues that the suspended license offense charged in this indictment is only a misdemeanor and the

circuit court was without jurisdiction to try the appellant.

Our review of the evidence, however, specifically Commonwealth's exhibit number 5, which was offered as evidence of his third offense, reveals a certified copy of a judgment of the Franklin Circuit Court wherein the appellant had, on April 9, 1986, pled guilty to a Class D felony, Operating a Motor Vehicle while License is Revoked or Suspended for Driving under the Influence of Alcohol or Drugs. Upon that plea, Toppass received a sentence of one (1) year which was probated.

Because Toppass previously pled guilty to the *felony* offense of Operating on a Suspended License and the only such offense is KRS 189A.090(3), he has judicially admitted the underlying requisites. Consequently, we believe as to this appellant that the circuit court unquestionably had jurisdiction to try him as this was a subsequent offense under KRS 189A.090(2)(c) and therefore affirm on this issue.

■ Toppass next argues that the trial court erred in permitting the driving history record from the Department of Transportation (DOT) to be used to prove prior revoked or suspended licenses in lieu of prior judgments of convictions or duly authenticated copies thereof. This allegation of error is without merit. The Commonwealth's evidence consisted of certified copies of the judgments of convictions for D.U.I. and Operating on a Suspended License, dated December 9, 1983, and April 19, 1984, respectively, from Franklin District Court and the certified copy of the guilty plea in Franklin Circuit Court on April 9, 1986.

The employee of DOT, Brenda James, as custodian of the driving history records, established the length of the suspension periods imposed by DOT based on the D.U.I. convictions. This evidence is necessary to establish that the suspension in effect at the time of those convictions was for D.U.I. The driving history record was not offered to prove prior convictions which was the practice condemned in *Common-*

*wealth v. Willis,* Ky., 719 S.W.2d 440 (1986), and *Commonwealth v. Dean,* Ky., 732 S.W.2d 887 (1987).

The appellant objected because his conviction of February 2, 1984, was not introduced and on appeal contends that it was relied on as one of the prior convictions which resulted in his conviction. This simply is not the case. Although Ms. James mentioned the February 2, 1984, conviction when she was reviewing the DOT Driving History, it was not used as one of the three (3) convictions relied on nor was the suspension period imposed due to that conviction during one of the periods during which Toppass was convicted of operating on a suspended license. Therefore, although that conviction was irrelevant, since this was not a jury trial, there was no prejudice.

■ The third issue raised by the appellant is that the Commonwealth failed to prove that the appellant was the owner of the vehicle and that ownership is a necessary element of KRS 186.020 and 186.170 to sustain the charges of improper registration and plates. KRS 186.020 is clearly directed to the owner. Owner is defined (for purposes of KRS 186.020 to 186.640) as "a person who holds legal title of a vehicle." The evidence adduced at trial proved that the prior owner had relinquished ownership and junked the vehicle. However, it was not proven that Toppass was the current owner. We recognize, given the statutory definition of "owner," that such proof would be impossible, especially in a case where those persons deliberately violate the law by failure to register their motor vehicles. However, if the legislature intends for punishment to be imposed for failure to register a vehicle, the definition of owner should be amended.

■ On the other hand, while KRS 186.-170 imposes the duty on the owner to attach the license plate, this statute goes further and states "no person may operate a motor vehicle unless such insignia is so affixed upon it." KRS 186.170. Consequently, since Toppass was clearly the op-

erator of the vehicle and the license plates were not the plates issued for the car he was driving, he was properly convicted of this violation.

The judgment of the Franklin Circuit Court is affirmed except for the conviction of the violation of KRS 186.020 which is reversed.

All concur.