Edward M. SKEANS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 94–CA–1541–DG.

Court of Appeals of Kentucky.

Dec. 22, 1995.

David Mussetter, Ashland, for appellant.

Chris Gorman, Attorney General, Todd D. Ferguson, Assistant Attorney General, Frankfort, for appellee.

Before HOWERTON, HUDDLESTON and WILHOIT, JJ.

WILHOIT, Judge.

The issue presented by this case is whether a certified copy of a uniform citation from the record of a prior conviction of driving under the influence of alcohol (DUI) can be used to prove the date of the prior offense during the trial for a subsequent offense of DUI. The appellant, Edward M. Skeans, was arrested on February 13, 1993, and charged with operating a motor vehicle while under the influence of alcohol, third offense. KRS 189A.010 provides for progressively harsher penalties for each offense within a five-year period for driving a vehicle under the influence of alcohol or other substance which impairs driving ability. KRS 189A.010(7) states that "[i]n determining the five (5) year period under the section, the period shall be measured from the dates on which the offenses occurred for which the judgments of conviction were entered."

During the appellant's trial, the Commonwealth introduced certified copies of the district court records from the appellant's previous convictions of DUI. The appellant made no objection to the introduction of the judgments of conviction; however, he did object to the introduction into evidence of the uniform citations by which he had been charged in the prior cases. Neither judgment contained the date of the commission of the offense involved, and the uniform citations were used by the Commonwealth to prove the dates of the previous offenses. The appellant entered a conditional plea of guilty on the DUI charge, third offense, after the uniform citations were admitted over his objection.

█ The appellant based his objection on KRE 803(8), which provides in pertinent part as follows:

(8) *Public records and reports.* Unless the sources of information or other circumstances indicate lack of trustworthiness, records, reports, statements, or other data compilations in any form of a public office or agency setting forth its regularly conducted and regularly recorded activities, or matters observed pursuant to duty imposed by law and as to which there was a duty to report, or factual findings resulting from an investigation made pursuant to authority granted by law. The following are not within this exception to the hearsay rule:

(A) Investigative reports by police and other law enforcement personnel. . . .

The appellant contends that the uniform citations are "investigative reports by police and other law enforcement personnel," and should be excluded from evidence as hearsay. He compares a uniform citation to a uniform police traffic accident report, which cannot be admitted into evidence. KRE 803(8)(A); *see also Campbell v. Markham,* Ky., 426 S.W.2d 431, 438 (1968). He also cites *Commonwealth v. Willis,* Ky., 719 S.W.2d 440 (1986), in support of his contention. *Willis* held that a certified copy of a defendant's Driving History Record maintained by the Transportation Cabinet cannot be utilized to prove previous DUI offenses in the prosecution of a subsequent DUI offense because the "docu-

ment fails not only as the 'best evidence' of the fact to be proved, but suffers from the vice of being hearsay on hearsay." *Id.* at 441–42. Comparing the proof of prior DUI offenses to proof of elements of being a persistent felony offender, the Court held that "[p]roperly certified copies of the records of convictions are required." *Id.* at 442 (citation omitted). The Court in *Willis* also stated that the "judgment of conviction is still necessary 'to prove either the *date* of previous offenses, or the *fact* of previous offenses.'" *Id., citing Hobbs v. Commonwealth,* Ky., 655 S.W.2d 472, 474 (1983) (Leibson, J., concurring).

█ As previously stated, neither the judgment of the appellant's May 23, 1988, conviction of DUI, first offense, from the Greenup District Court, nor the appellant's conviction on March 28, 1990, of DUI, second offense, by the Mason District Court contained the dates of commission of the previous offenses. In a PFO prosecution, the dates of commission of prior offenses can be proved with testimony from indictments. *Montgomery v. Commonwealth,* Ky., 819 S.W.2d 713, 719 (1991), *citing Hayes v. Commonwealth,* Ky., 698 S.W.2d 827, 831 (1985). The adoption of KRE 803(8) did not affect the holding in these cases. Uniform citations, like indictments in felony cases, are charging documents in the prosecution of DUI offenses and are not solely "investigative reports by police." *See* RCr 6.02(2), RCr 8.12. The date of the offense recorded on the uniform citation from a prior DUI offense is trustworthy. A certified copy of a uniform citation from the record of a previous conviction of DUI can be used to prove the date of commission of the prior offense.

█ The appellant's guilty pleas to his two previous charges of DUI provide another basis for finding the trial judge did not err in allowing the use of the uniform citations to prove the dates of the prior offenses. The appellant has not challenged the prior guilty pleas. "A defendant who elects to unconditionally plead guilty admits the factual accuracy of the various elements of the offenses with which he is charged." *Taylor v. Commonwealth,* Ky.App., 724 S.W.2d 223, 225 (1986). In pleading guilty to the Greenup

County charge, the appellant admitted that he was driving under the influence of alcohol on May 3, 1988, as recorded on the uniform citation. Likewise, upon his guilty plea in the Mason District Court, the appellant admitted that he was driving under the influence of alcohol on March 3, 1990, as charged in the uniform citation. The trial court did not err in allowing the Commonwealth to utilize the uniform citations to prove the dates of the prior offenses.

The opinion of the Rowan Circuit Court is affirmed.

All concur.