COMMONWEALTH of Kentucky, Appellant,

v.

Nina L. DUNCAN, Appellee.

No. 95–SC–62–CL.

Supreme Court of Kentucky.

Feb. 27, 1997.

As Amended April 8, 1997.

Garry L. Edmondson, Kenton County Attorney, Mark Wintersheimer, Assistant Kenton County Attorney, Covington, for appellant.

Pamela M. Workhoven, Louisville, for appellee.

DONALD L. JOHNSON, Special Justice.

On December 7, 1994, the Respondent, Nina L. Duncan, was arrested and charged with driving on a suspended license in violation of KRS 186.620(2). Ms. Duncan pled not guilty, and a bench trial was held on December 20, 1994, before Kenton District Court Judge Martin Sheehan. Judge Sheehan, relying on *Commonwealth v. Dean,* Ky., 732 S.W.2d 887 (1987), found Ms. Duncan not guilty because the only evidence introduced by the Commonwealth was a certified copy of Ms. Duncan's driving history from the Kentucky Transportation Cabinet.

The Commonwealth petitioned this Court for certification of the law regarding the following issue: Whether the Transportation Cabinet's driving history constitutes sufficient evidence of suspension or revocation of an operator's license for purposes of prosecution under KRS 186.620(2). This Court granted certification.

By granting certification, this Court must once again review its holding in *Dean, supra,* which summarily rejected certification of the same issue presented herein based upon the ruling in *Commonwealth v. Willis,* Ky., 719 S.W.2d 440 (1986), which held that a certified copy of the Transportation Cabinet's driving history was not admissible as evidence of prior convictions for driving under the influence of alcohol at the trial of a subsequent DUI offense.

In requesting that this Court overrule *Dean,* the Commonwealth asserts that this Court failed to make a critical distinction between the facts and rationale in *Dean* and

*Willis.* Specifically, the Commonwealth states that the reasoning in *Willis* is inapplicable to a suspended license situation because *Willis* involved the use of the Transportation Cabinet's driving history to prove a prior DUI "conviction." As a corollary, the Commonwealth asserts that in a suspended license situation, they are not attempting to prove a prior "conviction," rather, they are only attempting to prove the "status" of being suspended. As set forth below, we agree and hereby overrule *Commonwealth v. Dean, supra.*

In *Willis,* this Court stated that in order to prove a prior "conviction" for DUI, a certified copy of the prior judgment of conviction must be introduced, not simply a certified copy of the Transportation Cabinet's driving history. The basis for this decision was that the certified copy of the driving history was contrary to the " 'best evidence' rule." *Id.* at 441. In other words, if the Commonwealth is required to prove a previous conviction pursuant to KRS 189A.010 *et seq.* (in order to obtain enhanced penalties for the subsequent DUI conviction), the "best evidence" of that conviction is a certified copy of the prior judgment. We believe the holding in *Willis, supra,* is sound as to proving a prior conviction under the facts presented therein.

■ However, in prosecuting a suspended license charge, it is not necessary to prove a prior conviction. Rather, it is only necessary that the Commonwealth prove that the individual was operating a vehicle while his or her license was suspended. KRS 186.620(2). Thus, it is the license suspension, and not a conviction, which is essential to establishment of the charge of operating a motor vehicle on a suspended license. The basis for the suspension is irrelevant. *See, e.g., State v. Gin,* 158 Ariz. 202, 761 P.2d 1106 (Ct.App.1988). In fact, requiring proof of a prior conviction in a charge for driving on a suspended license may be impossible in some cases because no court conviction is necessary if the Transportation Cabinet independently suspends a motorist's license.

Pursuant to KRS 186.570, the Transportation Cabinet may independently suspend the licenses of motorists in nearly a dozen instances, including but not limited to situations where a motorist has, by reckless or unlawful operation of a motor vehicle, caused or contributed to an accident resulting in death or injury; has a mental or physical disability which makes it unsafe to drive; or has failed to pay child support which would equal one (1) year of nonpayment.

In addition to KRS 186.570, the Transportation Cabinet may also independently suspend the license of motorists in the following situations: children under the age of eighteen (18) who have dropped out of school or are academically deficient, KRS 186.560(7); suspension of the license of a minor upon the death of the parent or guardian who signed the minor's license application, KRS 186.470(3); suspension of the license of individuals against whom a civil judgment, involving an automobile accident, remains unsatisfied, KRS 187.410.

Clearly, where the Transportation Cabinet has independently suspended a motorist's license, a certified copy of the Transportation Cabinet's driving history may be the "only" evidence of the suspension.

■ A certified copy of the Transportation Cabinet's driving history satisfies the authentication requirement of KRE 902, titled "Self-authentication," which states in pertinent part:

Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:

. . . .

(4) Official records. An official record or an entry therein, when admissible for any purpose, may be evidenced by an official publication thereof or by a copy attested by an official having the legal custody of the record.

The admissibility of a certified copy of a motorist's driving history for conviction of driving on a suspended license has been upheld in a number of other jurisdictions. *See State v. Stidham,* 164 Ariz. 145, 791 P.2d 671 (Ct.App.1990); *Borton v. State,* 563 N.E.2d 182 (Ind.Ct.App.1990); *State v. McCallum,* 321 Md. 451, 583 A.2d 250 (1991); *State v. Berrey,* 803 S.W.2d 37 (Mo.Ct.App.1990);

City of Billings v. Lindell, 236 Mont. 519, 771 P.2d 134 (1989); State v. Zalta, 217 N.J.Super. 209, 525 A.2d 328 (App.Div.1987). Our Court of Appeals has previously held that driving history records can be used in a prosecution under KRS 189A.090 to prove that the suspension in effect at the time of the offense was for DUI, where independent evidence of the DUI convictions was introduced. Toppass v. Commonwealth, Ky.App., 799 S.W.2d 587, 589 (1990).

As previously indicated, we do not believe that the introduction of the certified copy of the driving history under the present facts is contrary to the decision in Willis and its strict reliance on the best evidence rule as it is the suspension status, not a conviction, which is essential to the charge. Support for distinguishing Willis on similar grounds is found in Hall v. Commonwealth, Ky., 817 S.W.2d 228 (1991), overruled in part by Commonwealth v. Ramsey, Ky., 920 S.W.2d 526 (1996).[1]

In Hall, this Court held that testimony of a defendant's prior convictions based upon a certified Kentucky State Police computer printout was admissible in the punishment phase of a bifurcated armed robbery trial. Id. at 229. In so holding, this Court stated:

Both these cases [Willis, supra, and Hobbs v. Commonwealth, Ky., 655 S.W.2d 472 (1983), cert. denied 465 U.S. 1067, 104 S.Ct. 1419, 79 L.Ed.2d 745 (1984)] are distinguishable from the case at hand by the fact that there the proof of prior convictions was necessary to establish guilt; i.e., the fact of such convictions was an essential element of the crime charged.... Here, however, we are concerned only with the punishment or sentencing phase of the trial mandated by KRS 532.055 involving background information to assist the jury in its penalty-fixing responsibility. The statute authorizing the procedure does not specify a method for proving such prior convictions and we are of the opinion that

the strict proof requirements of Hobbs and Willis are neither warranted nor required. Id. at 229 (emphasis added).

The rationale of the Hall case is clearly applicable to the present case. Proof of a prior conviction is not an "element" of a charge for operating a motor vehicle on a suspended license. The basis for the license suspension is irrelevant as the Commonwealth need only to prove the status of the defendant's license as being suspended. Requiring proof of the underlying conviction as an element to the charge would be superfluous because, as previously discussed, the Transportation Cabinet is empowered to suspend licenses for numerous reasons without receiving a record of conviction from a court.

Furthermore, it is our belief that the use of the driver history in a suspended license charge is clearly consistent with KRS 186.018, which expressly states in pertinent part:

For purposes of maintaining driving history records of operators of motor vehicles of the Commonwealth, the files of the Transportation Cabinet shall be used to ascertain the driving history record of each person who is licensed to operate a motor vehicle within the Commonwealth.

KRS 186.018(1) (emphasis added).

Clearly, if the driver history could not be used to prove whether or not a defendant's license is suspended, KRS 186.018 and the entire spirit and purpose for the establishment of the driver's history would be rendered nugatory. It is our belief that allowing the use of the driver history to prove or disprove the status of a defendant's license is consistent with KRS 186.018, and not inconsistent with the Willis decision.

This Court has recently acknowledged the importance of the Transportation Cabinet's driver history in the case of Butler v. Groce, Ky., 880 S.W.2d 547 (1994). In Butler, it was held that a district court must revoke a license for one year, and not grant a hardship license, if the Transportation Cabinet's rec-

---

**1.** Ramsey overruled any language in Hall which could be construed as inconsistent with Ramsey's holding that prior DUI convictions were an element of a fourth-offense DUI prosecution. Ram-

sey, supra at .527. Ramsey did not, however, overrule that portion of Hall relied upon in this opinion concerning introduction of Transportation Cabinet records and the best evidence rule.

ords show the driver as a second DUI offender. Specifically, this Court found, "Even though the trial court calls the DUI conviction a first offense, *if the Transportation Cabinet's records show otherwise,* the district court may not grant a hardship license." *Id.* at 549 (emphasis added).

If the district court is bound by the Transportation Cabinet's driving history under the facts in the *Butler* case involving license revocation, we see no reason why the district court should not be bound by the Transportation Cabinet's driving history in cases involving the prosecutions for operating a motor vehicle on a suspended license under KRS 186.620(2).

It is our belief that the harm to the public resulting from violation of KRS 186.620(2) is substantial, as incompetently driven motor vehicles on our state's highways cause great loss of human life and property. Enforcement and prosecution of motorists violating KRS 186.620(2) is of significant importance to this Commonwealth. This Court has held that license revocation is noncriminal in nature, but is necessary to protect the safety of the public. *Commonwealth v. Steiber,* Ky., 697 S.W.2d 135 (1985).

We do not believe that our holding will unfairly prejudice defendants in prosecutions under KRS 186.620(2) because such defendants will have already received notice that their license had been previously suspended. For example, if the suspension was the result of a court conviction, the motorist will have obviously received notice of the suspension while in court. If the suspension originated from the Transportation Cabinet, the motorist would have received the requisite notice of hearing pursuant to KRS 186.570(3), with the opportunity to attend and contest the hearing.

█ In the present case, the facts show that Ms. Duncan's license was suspended because of a DUI conviction. Ms. Duncan would have unquestionably been aware of the suspension because she would have been forced to mandatorily "surrender" her license to the district judge pursuant to KRS 189A.070(5). Quite simply there was no dispute but that Ms. Duncan's license had been suspended. The only question was whether

the certified copy of the Transportation Cabinet's driver history was sufficient proof, by itself, for a conviction under KRS 186.620(2). That question has now been answered in the affirmative, as this Court finds that a certified copy of the driver history will support a conviction under KRS 186.620(2).

Accordingly, *Commonwealth v. Dean, supra,* is hereby overruled.

COOPER, GRAVES, JOHNSTONE and LAMBERT, JJ., concur.

STEPHENS, C.J., dissents in a separate opinion in which STUMBO, J., joins.

WINTERSHEIMER, J., not sitting.

STEPHENS, Chief Justice, dissenting.

Respectfully, I dissent from the majority's opinion and would deny certification as the holdings of *Commonwealth v. Dean,* Ky., 732 S.W.2d 887 (1987), and *Commonwealth v. Willis,* Ky., 719 S.W.2d 440 (1986), are dispositive of the issue. As the majority recognizes, based upon our ruling in *Willis, supra,* this Court in *Dean, supra,* summarily rejected certification of the identical issue in the present case. 732 S.W.2d at 887. Moreover, in *Willis,* we specifically held that a certified copy of the Transportation Cabinet's "Driving History Record" was not admissible as evidence of prior convictions for driving under the influence of alcohol at the trial of a subsequent DUI offense. 719 S.W.2d at 441.

Basically, this Court has not allowed the use of such documents because they are not the best evidence available to prove the contents of the writing in issue. As we stated in *Willis:*

> It may be inconvenient, or indeed sometimes onerous, for the courts to continue to demand the best evidence available to prove the contents of a writing, but it is a salutary rule when the serious consequences that can flow from the use of second rate evidence are considered in the balance.

> However, it is a relatively simple matter for the prosecutor to utilize the Driving History Record to locate judgments of previous convictions and then to obtain prop-

erly authenticated certified copies of such convictions to use in these cases, just as is done routinely in proving persistent felony offender status. . . .

*Id.* at 442.

In the case *sub judice,* the majority's opinion overrules *Dean* asserting that this Court's rationale in that opinion was flawed as we failed to make the critical distinction that *Willis* involved the use of the Driving History Record to prove a prior "conviction," not the "status" of an offender as is the case in a suspended license situation. Nevertheless, I would not overrule *Dean* on this basis.

It is a very risky practice to allow documents that are, and have the potential to be, fraught with human error to be used to establish an offender's status without any type of verification. Moreover, to allow the use of such documents to trigger a suspension does away with the prosecution's burden to overcome a defendant's presumption of innocence in these situations. Thus, I would deny certification, as I believe our decision in *Dean* adequately protects against the aforementioned problems and should not be overruled.

STUMBO, J., joins this dissenting opinion.