**COMMONWEALTH of Kentucky TRANSPORTATION CABINET; and James C. Codell, III, Secretary of the Commonwealth of Kentucky Transportation Cabinet, Appellants,**

v.

**Charles Michael MOHNEY; and Commonwealth of Kentucky, Appellees.**

No. 2002–CA–000250–DG.

Court of Appeals of Kentucky.

Feb. 21, 2003.

Case Ordered Published by Court of Appeals June 6, 2003.

**908**

Mary R. Harville, Trevor L. Earl Reed, Weitkamp, Schell & Vice PLLC, Louisville, KY, for Appellants.

Deborah L. Crooks, Starks & Crooks, Timothy C. Stark, Mayfield, KY, for Appellee Charles Michael Mohney.

Before: GUIDUGLI, JOHNSON, and KNOPF, Judges.

*OPINION*

KNOPF, Judge.

The Commonwealth of Kentucky, Transportation Cabinet, and James C. Codell, III, as Secretary of the Transportation Cabinet (the Cabinet), appeal from an order of the Graves Circuit Court which affirmed an order by the Graves District Court requiring the Cabinet to reinstate the driver's license of Charles Michael Mohney. We agree with the Cabinet that the district court lacked the authority to enter such an order. Hence, we reverse the circuit court's order affirming this portion of the district court's order.

The underlying facts of this action are not in dispute. Prior to 1993, Mohney was a resident of Florida and had a Florida driver's license. In 1991, Mohney was arrested and charged in that state with driving under the influence (DUI). Under Florida law the charge was designated as his fourth offense.[1] In 1993, Mohney was convicted in Florida of DUI 4th, and the Florida court suspended his license for ten years. In 1998, the Florida Department of Highway Safety and Motor Vehicles informed Mohney that his driving privilege had been permanently revoked pursuant to Florida law.[2]

However in 1992, before he was convicted of the 1991 offense, Mohney moved to Kentucky and applied for a Kentucky driver's license. At that time, Mohney complied with all of the statutory requirements, including providing a clearance letter from the Florida licensing agency.[3] Thereupon, he surrendered his Florida license, and he was issued a Kentucky driver's license.

When Mohney applied for a renewal of his Kentucky license in 1996, he was denied a license due to his 1993 conviction for DUI 4th in Florida. Nevertheless, he continued to drive without a license. On September 1, 2000, Mohney was arrested and charged with operating a motor vehicle on a suspended license.[4] Because the charge is a misdemeanor, the criminal matter proceeded in the Graves District Court.

---

1. Mohney's prior DUI convictions in Florida occurred in 1976, 1979, and 1983. However, the Florida DUI statute, unlike Kentucky's, counts all prior DUI convictions for purposes of determining a subsequent offense. See Fla. Stat. § 316.193.

2. *See* Fla. Stat. § 322.28(2)(e).

3. *See* KRS 186.440(5); 601 KAR 12:020(2).

4. KRS 186.620(2).

Mohney then filed a motion to dismiss the suspended-license charge and to order the Cabinet to reinstate his Kentucky driver's license. By order entered on May 14, 2001, the district court, Hon. Royce W. Buck, presiding, granted the motion. The court agreed with Mohney that the Commonwealth could not adequately prove the sufficiency of the Florida DUI convictions, and that the Florida law requiring permanent revocation of Mohney's license was unconstitutional because it was enacted after his conviction for DUI 4th and after he had been issued a Kentucky license. Consequently, the district court directed the Cabinet to reinstate Mohney's license.

Following entry of this order, the Cabinet sent a letter to the trial judge requesting that the order be set aside. The judge declined to do so. Shortly thereafter, Mohney asked the court to hold the Cabinet in contempt for its failure to abide by the court's prior order. The Cabinet then moved to intervene in the action, and it filed a formal motion to set aside the May 14, 2001, order. Although the district court granted the Cabinet's motion to intervene, the court denied the Cabinet's motion to set aside the court's May 14, 2001, order requiring the Cabinet to rein-state Mohney's license. Thereupon, the Cabinet appealed to the Graves Circuit Court, which affirmed the district court's order. The Cabinet then petitioned this Court for discretionary review, which was granted on April 11, 2002.

▆▆▆ As noted above, the district court dismissed the charge against Mohney for operating on a suspended license. Furthermore, the Commonwealth has not appealed from that order of dismissal.[5] Thus, the only question before this Court is whether the district court properly ordered the Cabinet to reinstate Mohney's operator's license. The Cabinet takes the position that it cannot issue a driver's license to any person whose driving privilege has been revoked or suspended in another state until it receives proof that such period of suspension or revocation has expired.[6] Since Florida law requires permanent revocation for any person who has four or more DUI convictions,[7] the Cabinet contends that it is not authorized to issue a new or renewal license to Mohney. The Cabinet further argues that the district court lacked jurisdiction to order it to reinstate Mohney's license.

---

**5.** However, we do note that Mohney was charged with operating a motor vehicle on a suspended license pursuant to KRS 186.620(2), not with operating a motor vehicle on a license suspended for DUI pursuant to KRS 189A.090. In prosecuting a suspended-license charge based on the former statute, it is not necessary to prove a prior conviction. Rather, it is only necessary that the Commonwealth prove that the individual was operating a vehicle while his or her license was suspended. It is the license suspension, and not a conviction, which is essential to establishment of the charge of operating a motor vehicle on a suspended license. The basis for the suspension is irrelevant. In fact, requiring proof of a prior conviction in a charge for driving on a suspended license may be impossible in some cases because no court convic-

tion is necessary if the Cabinet independently suspends a motorist's license. *Commonwealth v. Duncan*, Ky., 939 S.W.2d 336, 337 (1997).

**6.** KRS 186.440(4) and 601 KAR 12:020(3).

**7.** Fla. Stat. § 322.28(2)(e). Under Florida law, a mandatory lifetime suspension of a driver's privilege pursuant to Fla Stat. § 322.28(2)(e) is not a criminal penalty, but is regarded as a civil and administrative sanction. *See State v. Walters*, 567 So.2d 49 (Fla. App., 1990). Furthermore, that statute authorizes the Florida Department of Highway Safety and Motor Vehicles to permanently revoke a drivers license after a court has already imposed a lesser sanction for the DUI conviction.

We agree with the Cabinet on the jurisdictional question. The district court is a court of limited jurisdiction and may exercise original jurisdiction only as provided by the General Assembly.[8] KRS 186.580(1) allows any person who has been refused an operator's license by the circuit clerk to appeal to the Cabinet. Subsection (2) further provides that:

> If any person is aggrieved by any final order of the cabinet relating to the denial, revocation, suspension, or cancellation of an operator's license or motorcycle operator's license other than orders of revocation or suspension when the facts render revocation or suspension mandatory, he may file a petition for judicial review in the Circuit Court of the county in which he resides, or the Franklin Circuit Court in accordance with KRS Chapter 13B.

Based on this statutory scheme, we conclude that the district court does not have jurisdiction to review the Cabinet's denial of a driver's license, or to order the Cabinet to issue or reinstate an administratively revoked license. Rather, KRS 186.580(2) vests such jurisdiction in the circuit court.[9] Furthermore, the Cabinet was not even a party to the action at the time the district court entered its order. Consequently, the district court erred when it ordered the Cabinet to reinstate Mohney's license. Because the remaining issues are not properly presented in this appeal, we decline to further discuss whether the Cabinet properly exercised its authority to revoke Mohney's license.

Accordingly, the judgment of the Graves Circuit Court which affirmed the order by the Graves District Court is reversed, and this matter is remanded to the Graves Circuit Court with directions to enter an order vacating the district court's order to the extent that it requires the Cabinet to reinstate Mohney's driver's license.

ALL CONCUR.

---

**8.** *Ky. Const.* § 113(6). *See also* KRS 24A.110.

**9.** *See e.g. Transportation Cabinet, Commonwealth v. Feige,* Ky.App., 889 S.W.2d 52, 55 (1994); *Vaughn v. Commonwealth, Transportation Cabinet,* Ky.App., 870 S.W.2d 231, 232–33 (1993); and *Commonwealth of Kentucky, Transportation Cabinet v. Hobson,* Ky.App., 870 S.W.2d 228, 230 (1993).